## 51805. BARRETT v. THE STATE.

Bell, Chief Judge.

The defendant was convicted of burglarizing a warehouse. *Held:*

1. The trial court did not charge the jury on the right of the defendant not to testify. Code Ann. § 38-415 provides in part: ". . . The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure: . . ." The charge as urged by the defendant would have violated the statute and would have interjected error. *Linder v. State,* 132 Ga. App. 624, 625 (208 SE2d 630). There was no error in failing to so charge.

2. Defendant's enumeration that the court erred in denying a motion for a new trial predicated on an affidavit by a prosecution witness stating that she lied under oath is without merit. A post trial declaration by a state's witness that his former testimony was false is not cause for a new trial. *Richey v. State,* 132 Ga. App. 188 (207 SE2d 672).

3. There is evidence to show that defendant without authority entered a commercial building with intent to commit theft. The conviction was authorized.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Submitted February 2, 1976 — Decided March 8, 1976.

*H. J. Thomas, Jr.,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.