## 60012. CARROLL v. THE STATE.

BANKE, Judge.

The appellant and three other persons were jointly charged in a one-count indictment with the armed robbery of two bank tellers. The appellant was tried separately, found guilty, and sentenced to 20 years' imprisonment. He appeals the denial of his motion for new trial.

Two of the appellant's co-indictees testified against him at trial and accused him of having masterminded the robbery. One of these witnesses further stated, over objection by defense counsel, that the reason he had agreed to participate was because the appellant had supplied him with $3,000 worth of drugs and was more or less insisting on payment. A subsequent witness for the state testified that the appellant had recruited him to participate in a previous bank robbery by threatening to kill him if he did not pay a $12,000 cocaine bill. *Held:*

1. One of the two co-indictees who testified against the appellant admitted on cross examination that he had not implicated the appellant when first questioned by police. In response to further cross examination, the witness testified that he had changed his story due to "confusion." The witness then expressed a desire to explain this statement and, over objection, was allowed to testify that he had originally been influenced by the appellant's threat to kill anyone who informed on him. Defense counsel moved for a mistrial on the ground that this so-called explanation was prejudicial to his client and had nothing to do with the subject of confusion. It was not error to deny the motion. The testimony was quite relevant to the issue under consideration, i.e., why the witness had not implicated the appellant when first questioned by police. Accord, *Grindle v. State,* 151 Ga. App. 255 (3) (259 SE2d 663) (1979). See also *Morgan v. State,* 240 Ga. 845 (1) (242 SE2d 611) (1978).

2. Defense counsel again moved for a mistrial when the second co-indictee testified that he had joined in the robbery only because the appellant demanded that he do so in order to obtain money to pay off drug debts which he owed to the appellant. It is urged that this testimony improperly placed the appellant's character in issue. The state contends that the testimony was admissible to show the appellant's *modus operandi* in light of the testimony of a subsequent witness who stated that he, too, had recently joined with the appellant in a bank robbery because he, too, was heavily indebted to the appellant for drugs.

Evidence of other offenses is admissible only "if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused." *Johnson v. State,* 242 Ga. 649 (3), 652-653 (250 SE2d 394) (1978), citing *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). We believe that such a connection was shown between the drug sales and the two bank robberies in this case. The fact that the appellant had gotten the two witnesses indebted to him by supplying them with illegal drugs explained how he was able to recruit them to perform the robberies while he waited elsewhere, in relative security, for them to return with the money. Thus, while the evidence certainly impugned the appellant's character, we hold that it was admissible to show his *modus operandi* with respect to the bank robbery for which he was on trial. Accord *Goldsmith v. State,* 148 Ga. App. 786 (4) (252 SE2d 657) (1979). This court's recent decision in *Johnson v. State,* 154 Ga. App. 793 (1) (1980), does not require a different result. There, evidence of subsequent drug sales was held inadmissible to prove a prior sale, where the only probative value of the subsequent sales was to show

that the defendant had a general tendency to sell drugs.

3. The appellant contends on appeal that the testimony of the subsequent witness to the effect that the appellant had similarly demanded payment of drug debts to secure his participation in a prior bank robbery should not have been allowed, both because it unlawfully placed his character in issue and because the uncorroborated testimony of an alleged accomplice is insufficient to establish a defendant's participation in a crime. However, we are cited to no such objections in the transcript, and a review of the transcript reveals that no such objections were interposed during the course of the witness' testimony. Accordingly, these contentions will not now be considered on appeal. See *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (1) (187 SE2d 915) (1972); *Bolden v. State,* 150 Ga. App. 298 (3) (257 SE2d 367) (1979).

4. The appellant objected to the introduction of a machine printout purporting to show time and charges for a long-distance call which he had allegedly made from a motel room soon after the robbery, on the ground that a sufficient foundation had not been laid to identify the printout as a business record kept in the regular course of business. We have examined the testimony and find that the requirements of Code Ann. § 38-711 were satisfied.

5. The appellant contends that he was denied a fair trial by the cumulative effect of the following factors, the sum of which allegedly establishes prosecutorial misconduct: (1) The introduction of evidence of the prior bank robbery and the drug sales; (2) the testimony of one of the co-indictees to the effect that robbery detectives had promised him probation in return for his testimony; (3) the testimony of the other co-indictee to the effect that he had decided to tell police about the appellant's role because police told him that the appellant had "snitched" on him; (4) the fact that the accomplice to the prior bank robbery denied that he had negotiated a plea bargain in that case, while the state's attorney handling that case testified that a settlement had in fact been reached in the case; (5) the state's use of allegedly improper cross examination techniques in questioning a defense witness; and (6) the submission of an affidavit by one of the co-indictees recanting his testimony after the trial, along with the submission of affidavits from other persons alleging that the state's witnesses had conspired to give false testimony.

We find no evidence of prosecutorial misconduct in any of this. There is no indication that the state made any deals with any of its witnesses which were not ultimately disclosed to the jury. See generally *Potts v. State,* 241 Ga. 67 (2) (243 SE2d 510) (1978). *Ross v. State,* 245 Ga. 173 (3) (263 SE2d 913) (1980). The evidence as to the

prior bank robbery and the drug sales, like all the other evidence in the case, must stand or fall on the basis of its own admissibility rather than on the basis of conjectures as to the prosecution's lack of good faith. The post-trial affidavits amount only to an attempt to impeach the state's witnesses and do not constitute grounds for a new trial. See *Barrett v. State,* 138 Ga. App. 26 (2) (225 SE2d 483) (1976); *Messer v. State,* 147 Ga. App. 538 (2) (249 SE2d 344) (1978). The allegation regarding the improper cross examination of the defense witness is not supported by argument or citation of authority and, in any event, does not lend support to the charge that the appellant was denied a fair trial.

The gist of the appellant's prosecutorial misconduct complaint is that it is somehow fundamentally unfair for the state to make a case against the alleged "ringleader" of a criminal enterprise by securing the testimony of the other participants through promises of lenient treatment. While this method of obtaining evidence may be distasteful and may in many instances fail to impress jurors, we know of no authority for the proposition that it is inherently unlawful. We certainly will not indulge in a presumption that the state has deliberately falsified evidence in the absence of proof to that effect. The sole arbiter of the facts in this case, and the sole judge of the credibility of the witnesses, was the jury. The evidence presented at this trial provided reasonable support for the jury's finding that the appellant was guilty beyond a reasonable doubt. The fact that the witnesses who testified against him may also have been guilty does not invalidate their testimony.

6. The trial court erroneously charged the jury on the weight to be given evidence of good character and then, at the insistence of the state and over the objection of defense counsel, recalled the jury and instructed them as follows: ". . . [T]he state, well, an attorney attracted my attention, the district attorney, to a charge I gave you on good character. It is my duty — that I erroneously gave you that charge and I believe he is probably right . . . You are, therefore, instructed to eliminate the charge from your mind and memory; it is not applicable. By this charge I do not imply that the defendant has bad character nor do I imply that he has good character. I am saying to you it is not relevant: Therefore, it should not be taken into consideration." While conceding that the charge on good character was inappropriate, the appellant contends that the manner in which the court attempted to remedy it prejudiced him before the jury in that it unduly emphasized to the jury that he had presented no evidence of good character. We agree with defense counsel that the court's attempt to withdraw the charge was ill-advised and that no corrective action should have been attempted under the cir-

cumstances. Nevertheless, since the jury was clearly instructed not to consider the issue of character one way or the other, we do not believe that the withdrawal of the charge constituted reversible error. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JUNE 5, 1980 — DECIDED
SEPTEMBER 2, 1980.

*Stephen A. Land,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Hays, Assistant District Attorneys,* for appellee.