41271. STONE v. THE STATE.
(321 SE2d 723)

WELTNER, Justice.

Phillip Ronald Stone shot and killed Charles Taliaferro with a shotgun. He was convicted in one trial of murder and of possession of a firearm by a convicted felon. He now appeals his murder con-

viction.[1]

At trial, Stone admitted shooting Taliaferro but claimed self-defense. There were four eyewitnesses to the shooting. The testimony revealed that several days prior to the homicide Stone and Taliaferro had quarreled, and on the previous day Taliaferro had threatened, outside of Stone's presence, to kill him.

On the day of the homicide, Stone borrowed a twelve gauge shotgun from a friend. After drinking all afternoon, he told a companion that he needed to see Taliaferro. Stone went to his house, and found Taliaferro sitting on the back of a pick-up truck talking to four others, who became eyewitnesses at the trial. Stone drove up, got out of the car with the shotgun, and said to Taliaferro, "I got something for you Charlie, buddy." He fired the fatal blast, fled, and was arrested three days later in Michigan.

There was no evidence that Taliaferro had any weapon in his hand when he was killed, nor that he was acting in any aggressive manner towards Stone.

1. Count 1 of the indictment charged murder and Count 2 charged possession of a firearm by a convicted felon. The jury was instructed as to malice murder and felony murder, and returned a verdict of "guilty on both counts."

When a verdict is unclear as to which type of murder (malice or felony) is found, a defendant is deemed guilty of the lesser offense of felony murder. *Burke v. State*, 248 Ga. 124 (281 SE2d 607) (1981). In this case, however, because Count 1 of the indictment charged only malice murder, and the jury returned a verdict of guilty on *that count*, there is no ambiguity. Accordingly, Stone was convicted of malice murder.

2. A defendant may not be convicted lawfully of felony murder and the underlying felony, OCGA § 16-1-7, and a defendant so convicted is entitled to have the conviction for the underlying felony set aside. *Blankenship v. State*, 247 Ga. 590 (277 SE2d 505) (1981). Because Stone was found guilty of *malice* murder, he was convicted properly also of the possession count, it being unrelated to malice murder.

3. Stone's final enumeration of error is that the trial court erred in refusing to sever for trial the two counts of the indictment, as a result of which, proof of a prior conviction to establish his status as a convicted felon on the firearms count placed his character in issue as

---

[1] The date of the crime was August 20, 1983. The date of conviction was December 13, 1983. A motion for new trial was filed December 29, 1983. That motion was amended February 2, 1984, heard on February 23, 1984, and denied on April 19, 1984. A notice of appeal was filed May 16, 1984. The transcript was filed with the trial court on June 8, 1984, and docketed in the Supreme Court on June 20, 1984. The case was submitted August 3, 1984.

to murder count.

In other circumstances, this might be harmful error. See *Head v. State*, 253 Ga. 429 (320 SE2d 759) (1984) involving an armed robbery charge, discussing Panzavecchia v. Wainwright, 658 F2d 337 (5th Cir. 1981). In this case, however, the evidence of guilt is so overwhelming that it is unlikely that the introduction of the prior conviction contributed to the guilty verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Smith, J., who concur in the judgment only. Gregory, J., disqualified.*

DECIDED OCTOBER 17, 1984.

*Clark, Glassman & McLaughlin, Michael C. Clark,* for appellant.
*W. Bryant Huff, District Attorney, Michael J. Bowers, Attorney General,* for appellee.