72427. PRYOR v. THE STATE.
(346 SE2d 104)

SOGNIER, Judge.

Pryor appeals from his conviction of armed robbery.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that appellant, Willie Goodin and Ralph Copeland decided to rob someone of drugs. They drove to the home of Sylvia Roberts, and Goodin and Copeland went into Roberts' home while appellant remained in the car. Goodin and Copeland followed Roberts into the kitchen where they robbed her at gunpoint of $20. (Copeland testified they took drugs, not money.) Roberts grabbed a butcher knife and chased the two men out of her house. Just before escaping through the front door, Goodin fired two shots, one of which struck Copeland. The men jumped in the car parked outside and appellant drove off. The three men were apprehended about thirty minutes later after Roberts notified the police of the robbery and gave them a description of the men and the car they were driving. Two guns were found in the car, and a bullet lodged in the wall at Roberts' home matched a test bullet fired from one of the guns when a ballistics test was run. The day after his arrest and confinement appellant fled the jail through an open door, but was apprehended a few minutes later. Goodin testified that appellant was a participant in planning to rob someone of drugs; appellant and Copeland testified that appellant was not a part of the plan to rob someone.

The weight of the evidence and credibility of witnesses are questions for determination by the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Even though appellant did not enter Roberts' home and participate in the actual robbery, one who intentionally aids or abets the commission of a crime by another is a party to the crime and equally guilty with the principal. OCGA § 16-2-20;

*Jackson v. State*, 163 Ga. App. 526, 527 (1) (295 SE2d 206) (1982). Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the conviction cannot be sustained because subsequent to trial Goodin, a State witness, filed an affidavit recanting his trial testimony, stating that he lied under oath because he was coerced into testifying. A post-trial declaration by a State witness that his former testimony was false is not cause for a new trial. *Barrett v. State*, 138 Ga. App. 26 (2) (225 SE2d 483) (1976); *Carroll v. State*, 155 Ga. App. 514, 517 (5) (271 SE2d 650) (1980). Hence, this enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 5, 1986.

*Phillips D. Hamilton*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.