## 44042. THOMAS v. THE STATE.
### (354 SE2d 148)

WELTNER, Justice.

Welton Jerome Thomas was convicted of murder, felony murder and armed robbery of Morris Moses. He was sentenced to three terms of life imprisonment, two to run consecutively.[1]

Moses was found in his home, dead from a stab wound to the chest. The house had been ransacked and a note was discovered near the body. During the investigation, Thomas, who was Moses' neighbor, told the police that he had looked through Moses' kitchen window and had seen Nelson Jackson (since deceased) in the apartment. Because the blinds in the kitchen window were drawn when the body was discovered, the police questioned Thomas further. During a third interview, Thomas gave a different account, stating that he and one Joel White had met at a cafe, and then went to Moses' apartment; that he remained outside while White went inside, hit Moses over the head, and searched for money. On his arrest, Thomas gave further statements to the police, alleging this time that Joel White hit Moses

---

[1] The crime was committed April 4, 1985. Thomas was convicted on December 9, 1985 and sentenced on December 14, 1985. A motion for new trial was filed on July 3, 1986, amended on August 27, 1986, and denied on October 2, 1986. The notice of appeal was filed on October 16, 1985. The transcript was certified by the court reporter on April 22, 1986. The case was docketed in this court on November 5, 1986 and was submitted on December 19, 1986.

on the head with a pipe while he (Thomas) searched the house for money. Thomas admitted that he then stabbed Moses in the chest with a knife. The state's document examiner inspected handwriting samples taken from Thomas, from Nelson Jackson, and from Joel White and concluded that the handwriting on the note found near Moses' body was consistent with Thomas' handwriting sample.

1. The evidence was sufficient to meet the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomas contends that the trial court erred in excluding the death certificate of Nelson Jackson, which attributed his death to suicide. Thomas sought to develop a theory that Jackson committed suicide because he murdered Moses and felt guilty. Jackson's brother testified that Nelson Jackson committed suicide — several months after Moses' death — because he was despondent after a fight with his mother. In *King v. State*, 151 Ga. App. 762 (2) (261 SE2d 485) (1979), the Court of Appeals held: "[A] death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether the cause of death was intentional or accidental, are not admissible." There was no error.

3. Thomas attacked the accuracy of the police officer's recollection of the content of Thomas' statements. In closing argument, the prosecutor commented that Thomas had not disputed the content of his statements. This was not a comment on Thomas' exercise of his right to remain silent. We find no error. *Smith v. State*, 245 Ga. 205 (4) (264 SE2d 15) (1980).

4. While not enumerated as error, the conviction and sentence for felony murder must be vacated, as the jury found Thomas guilty of the malice murder of the same victim. See *Stone v. State*, 253 Ga. 433, 434 (2) (321 SE2d 723) (1984).

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED APRIL 9, 1987.

*H. Haywood Turner III*, for appellant.

*John R. Parks, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.