A97A0185. RIDINGS v. THE STATE.
(486 SE2d 378)

Judge Harold R. Banke.

Mark Ridings was convicted of armed robbery. On appeal, Ridings enumerates two errors.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). Several days before the robbery at issue, Ridings and his two co-defendants, Kenneth McClellan and Charlie Bates, discussed getting a gun and committing a robbery. To that end, Ridings drove McClellan to a friend's house where McClellan took a 20 gauge shotgun. McClellan sawed off the gun's barrel at Ridings' house.

Ridings, Bates and McClellan drove around, looking for prospective victims. After driving past Newman's Grocery several times, the men decided that McClellan would rob it, while Ridings and Bates waited on the nearby interstate, pretending to have car trouble. Ridings drove up to the store and he and Bates went in to purchase

---

drinks and see who was there.

After learning that a female clerk was alone in the store, McClellan went in and robbed her of approximately $75 at gunpoint and then ran to Ridings' car waiting on the interstate. The three men then bought some beer and drove to Bates' mother's house. After they arrived, Bates' mother told them the law had been riding by her house and asked them to leave for a while. The next day, at McClellan's request, Ridings hid the clothing and mask worn during the robbery. During an investigation of another matter, Bates told police officers about the robbery. *Held*:

1. The evidence was sufficient to permit the jury to find that Ridings was a party to the crime of armed robbery. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-2-20 (b) (3). Although Ridings did not enter the store and brandish the gun, the evidence showed that he and McClellan discussed the crime, he drove McClellan to get the gun, allowed McClellan to saw off the gun at his home, drove the getaway car, and disposed of some of the clothing worn during the robbery. Such assistance renders Ridings equally accountable for the crime. *Pryor v. State*, 179 Ga. App. 293 (1) (346 SE2d 104) (1986).

Notwithstanding Ridings' argument to the contrary, his conviction was not premised solely upon the uncorroborated testimony of his co-defendant, McClellan. In fact, Ridings gave a statement to police in which he admitted participating in the crime. Under the evidence presented, the jury was authorized to reject testimony that McClellan coerced Ridings' participation because Ridings had ample opportunity to leave McClellan and report him to authorities rather than wait while he robbed the store. See *Stitt v. State*, 190 Ga. App. 58, 59 (378 SE2d 168) (1989).

2. We reject Ridings' contention that the trial court invaded the jury's province by giving an *Allen*-type charge. *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The record shows that after the jury had deliberated for some time, the court inquired as to its progress. Upon learning that it was divided eleven to one, the court sua sponte gave the charge. Ridings made no objection. Nor did he move for a mistrial. The jury continued deliberating and requested and received a recharge on coercion before reaching its verdict. Pretermitting whether Ridings preserved the issue for appeal, under these circumstances, we cannot say the trial court abused its discretion. See *Clifford v. State*, 266 Ga. 620, 622 (4) (469 SE2d 155) (1996); accord *Curry v. State*, 175 Ga. App. 758, 759 (3) (334 SE2d 356) (1985).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1997.

 Before Judge Keeble.
*Kenneth D. Teal*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.