## A98A0476. HOWARD v. THE STATE.
### (496 SE2d 532)

Judge Harold R. Banke.

Jeffery Norris Howard was convicted of aggravated assault, kidnapping and armed robbery. He enumerates six errors on appeal.

This case arose after Omar Johnson told Howard he wanted to commit an armed robbery. Howard suggested a target, gave Johnson a gun, and agreed to drive. Several days later, Johnson arranged for Howard to drive him to the target, a country store. Johnson entered the store, asked for a pack of cigarettes, and then pulled out the gun and demanded money. After emptying the cash register into a paper bag, he dragged the clerk to a rear storage room, and, with the gun to her head, forced her to her hands and knees. Then he turned and walked away.

After Howard dropped Johnson off near the store, Howard told his passenger that "a hit [was] going to happen." Shortly thereafter, a highway patrol officer stopped the car, searching for the robber of the store. He questioned Howard and his passenger, searched the car, and then let them go. After the passenger was subsequently arrested, he informed authorities about the robbery in the hope of getting bond. Johnson also confessed and implicated Howard. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find that Howard was a party to each of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Notwithstanding Howard's contention to the contrary, his actions constituted far more than mere presence at the scene. The record shows that Howard supplied the suggested target, the weapon and the transportation to the target. See OCGA § 16-2-20 (b) (3). Moreover, Howard admitted that he discussed the robbery with Johnson. This evidence allowed the jury to reasonably find

that Howard aided and abetted in the commission of the crimes, all that was required to satisfy OCGA § 16-2-20 (b) (3). Id.; see *Smith v. State*, 268 Ga. 42 (1) (485 SE2d 189) (1997); see *Ridings v. State*, 226 Ga. App. 155, 156 (1) (486 SE2d 378) (1997).

2. The trial court's jury charge on aggravated assault was clearly inadequate.[1] The court charged the jury as follows: "The defendant is also charged with the offense of aggravated assault. I charge you that under Georgia law aggravated assault is defined as a person makes an assault upon the person of another person when that person uses a deadly weapon and this can be accomplished by pointing said weapon at said person. That's an assault. That's aggravated assault as defined by Georgia law." This charge failed to include the requisite elements of assault, an attempt to commit a violent injury to another's person or the commission of an act which places another in reasonable apprehension of receiving an immediate violent injury. OCGA § 16-5-20 (a). As stated, the offense could easily be confused with the misdemeanor offense of pointing a pistol at another, OCGA § 16-11-102. Compare Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 91 (1995).

Trial counsel's failure to raise this issue after the court solicited objections to the jury charge ordinarily would have waived it. *Smith*, 268 Ga. at 43 (2). However, where, as here, the charging error was a substantial misstatement of the essential elements of the offense, it is reviewable as a "substantial error . . . harmful as a matter of law." OCGA § 5-5-24 (c); *Brewton v. State*, 216 Ga. App. 346, 351 (6) (454 SE2d 558) (1995), rev'd on other grounds, 266 Ga. 160 (465 SE2d 688) (1996). Such error occurs when the charge " 'fails to provide the jury with proper guidelines for determining guilt or innocence.' [Cit.]" *Roura v. State*, 214 Ga. App. 43, 45-46 (2) (b) (447 SE2d 52) (1994). Unless it appears from the entire record that the error is harmless, its prejudice and harm are presumed. *Brewton*, 216 Ga. App. at 351 (6). Having reviewed the record, " 'we cannot say as a matter of law that the charge was neither confusing nor misleading.' " Id. In fact, under the instruction given, we find a high probability that the jury was not informed of the elements of aggravated assault sufficiently to determine whether the State met its burden of proof. Under these circumstances, we must reverse the aggravated assault count.

3. Howard maintains that the aggravated assault charge merged with the kidnapping and armed robbery charges and the kidnapping charge merged with the armed robbery charge. His failure, however, to raise these issues in the trial court waives the alleged errors.

---

[1] The indictment charged Howard with assaulting the victim "with a firearm, a deadly weapon, by pointing said weapon at said person."

*Edmonson v. State*, 212 Ga. App. 449, 451-452 (3) (442 SE2d 300) (1994). Moreover, had the issues been properly preserved, we would affirm because the record demonstrates that each count relied on separate facts. The armed robbery occurred shortly after Johnson entered the store when he pulled the gun on the cashier and forced her to empty the contents of her cash register into the bag. OCGA § 16-8-41 (a); see *Brown v. State*, 222 Ga. App. 648, 649 (1) (475 SE2d 688) (1996). The kidnapping occurred when he forced her into the storage room. OCGA § 16-5-40 (a) (kidnapping requires proof of the unauthorized abduction and holding of another against his will); *Lockett v. State*, 217 Ga. App. 328, 329 (1) (457 SE2d 579) (1995) (the slightest movement of the victim establishes asportation). The aggravated assault was committed when the victim was forced to crouch on her hands and knees in the storage room at gunpoint. *Robinson v. State*, 210 Ga. App. 175, 176 (2) (435 SE2d 466) (1993); see *Isaacs v. State*, 213 Ga. App. 379, 380 (1) (444 SE2d 409) (1994).

4. Howard contends that his trial counsel was ineffective on several grounds. We need not reach them, however, because appellate counsel raised these issues for the first time on appeal, without addressing them in his motion for new trial.[2] That ineffectiveness claims must be raised "at the earliest practicable moment" is well established. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). The failure to do so procedurally bars Howard from raising them here. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

5. We reach the following issue because it could arise on retrial. Howard contends that the victim's age was an essential element of the aggravated assault count because it was predicated on OCGA § 16-5-21 (d), the subsection dealing with victims 65 years of age or older. We disagree.

In *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455) (1981), the Supreme Court held that legislative intent determined whether an amendment created a separate crime or was simply a penalty enhancement.[3] The General Assembly enacted the age-related provisions of the aggravated assault statute "so as to change the penalty provisions relating to persons convicted of the crime[ ] of aggravated assault." Ga. L. 1984, p. 900. Thus, proof that the victim was at least 65 years old was not necessary to establish a prima facie case of aggravated assault. Such evidence was required, however, to enhance the penalty under OCGA § 16-5-21 (d), which mandates

---

[2] In the amended motion for new trial the ineffectiveness issue was limited to trial counsel's failure to assure the recordation of certain portions of the trial.

[3] In *Bundren*, the Supreme Court found that aggravated assault of a police officer was a separate crime from aggravated assault, requiring proof of knowledge that the crime was committed against a police officer as an essential element.

incarceration for "not less than three nor more than 20 years."

Accordingly, Howard's convictions on the armed robbery and kidnapping charges are affirmed. His conviction for aggravated assault is set aside and the sentence pertaining thereto is vacated.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 3, 1998.

*Bentley & Bentley, Alonzo J. Bentley, Jr., Mark M. Irvin, William A. Adams, Jr.,* for appellant.

*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Assistant District Attorney,* for appellee.

