## A98A1874. KINNEY v. THE STATE.
(505 SE2d 553)

ELDRIDGE, Judge.

A Clarke County jury found James Kinney guilty of robbery by force and aggravated battery. He appeals challenging (1) the sufficiency of the evidence as to his identity as the perpetrator of the robbery, and (2) the sufficiency of the evidence to sustain his conviction for aggravated battery.

On April 19, 1997, at approximately 7:30 p.m., the 65-year-old victim was leaving the Athens Regional Medical Center after visiting a sick member of her Sunday School class, the "Senior Ladies." As she was walking through the parking lot toward her car, she saw a man walking toward her. When he was beside her, he stepped in front of her and grabbed her purse, which was hanging from a shoulder strap around her left shoulder. The victim struggled to maintain possession of her purse. The man jerked the purse back and forth and swung the victim around by the shoulder strap; during the struggle, the victim fell to the ground, spraining her ankle and breaking two bones in her foot. After he gained possession of the purse, the man ran across the hospital parking lot toward Hill Street. Several bystanders came to the victim's aid, and she was treated at the hospital.

The police were given the perpetrator's physical and clothing descriptions and were told that the perpetrator ran toward Hill Street. Approximately ten to fifteen minutes after the incident, the police asked the victim to view a possible suspect. James Kinney was in the back of the police patrol car, and the victim positively identified him as the perpetrator based upon her view of him as he approached her in the parking lot. The victim also made a positive in-

court identification of Kinney as the perpetrator.

In addition, several persons who came to the victim's aid identified Kinney:

Moments before the robbery, Dorothy McDonald and her daughter-in-law were walking to their car in the hospital parking lot when a man "came out from behind two parked cars and was following after us." He approached and asked for the time. After McDonald told him the time, he followed the two ladies to their car and asked for the time again, "[a]nd I said I told you one time it's seven-thirty. I hurried up and got in the car and we locked the doors." Almost immediately thereafter, the victim was robbed. Dorothy McDonald identified Kinney as the man who approached her in the parking lot.

Coley Rittenberry was pulling into the parking lot of the hospital and had stopped his car to allow the victim to cross in front of him. Rittenberry saw Kinney "roaming the parking lot." Kinney "looked like he was getting into something." As Rittenberry pulled into a parking space, he saw Kinney approach the victim. When he looked back, the victim was on the ground. Both in and out of court, Rittenberry positively identified Kinney as the man who approached the victim.

In addition, Randy Farmer was waiting for his wife in the parking lot of the hospital. He heard a voice, turned, and saw the victim lying on the ground. When he got out of the car to help her, he spotted a man running from the parking lot down Hill Street. Farmer ran after him. The man slowed down when he thought he was not being followed. At that point, Farmer had almost caught him and called out to him. The man turned around, and Farmer "got a real good look at him." Farmer then lost sight of the man when the man "took off across the street." In court, Farmer identified Kinney as the man he chased from the parking lot of the hospital.

A resident of Hill Street flagged down a patrolling police vehicle that was looking for the perpetrator of the robbery. The resident told the officer that a suspicious person had run across his backyard and jumped his back fence. The victim's purse was found in the backyard; it contained no money. The resident gave the officer the general direction in which the man had fled, and the officer headed in that direction.

Thereafter, the officer spotted Kinney. He fit the perpetrator's description that had been put out over police radio. The officer detained Kinney, put him in the back of his patrol car, and returned him to the Athens Regional Medical Center for possible identification. The victim, McDonald, Rittenberry, and Farmer all identified Kinney. Further, the victim's purse had contained "four to six dollars," $2 of which was in quarters; Kinney was carrying $5.23 in his pocket which consisted of two $1 bills and loose change, the majority

of which was in quarters. *Held*:

On appeal the evidence must be viewed in the light most favorable to support the verdict, and Kinney no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

1. A review of the transcript reveals ample evidence from which any rational trier of fact could have found proof beyond a reasonable doubt of Kinney's identity as the perpetrator of the robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kinney enumerates as error the sufficiency of the evidence to sustain his conviction for aggravated battery. Kinney asserts that the evidence failed to show the requisite element of "maliciousness" so as to prove the offense of aggravated battery, and under this same enumeration, Kinney contends that the evidence was insufficient to sustain an aggravated battery conviction because such evidence merged with evidence of the robbery by force. "Either way, the State did not prove beyond a reasonable doubt that the assailant committed Aggravated Battery." We find the evidence was sufficient to prove the offense of aggravated battery beyond a reasonable doubt. However, we find that a requisite merger of offenses precludes Kinney from being convicted and sentenced therefor.

One crime is included in another as a matter of fact if it is established by proof of the same or less than all of the facts used to prove the other. OCGA § 16-1-6 (1). A defendant may be tried for both offenses under such circumstances, but may not be convicted of both. OCGA § 16-1-7 (a) (1). See generally *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974). "This right to be free of multiple convictions for the same conduct has been referred to as the substantive bar against double jeopardy, and it is not waived either by the defendant's entry of a guilty plea or by his failure to assert it in the trial court. *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974); *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922) (1986)." *Redding v. State*, 188 Ga. App. 805 (374 SE2d 339) (1988).

Accordingly, a trial court is without subject matter jurisdiction to sentence on an offense that has merged into another offense as a matter of law and/or fact. Such a sentence would be a mere nullity because the conviction on a merged offense is against the law. An appeal may be taken from such a void sentence, even if no objection was made in the court below, because "a void sentence is one which imposes punishment the law does not allow. [Cits.]" *Noble v. State*, 220 Ga. App. 155, 158 (469 SE2d 307) (1996). See also *State v. Baldwin*, 167 Ga. App. 737, 738 (2) (307 SE2d 679) (1983); *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995). "A judgment which

is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it." (Citation omitted.) *State v. Sheahan*, 217 Ga. App. 26, 27 (1) (456 SE2d 615) (1995).

Here, "[i]t is clear from the indictment and from the transcript . . . in the present case that the appellant's aggravated [battery] conviction was based on the identical acts of violence through which he effected the taking of the victim's [purse]. Compare *Coaxum v. State*, 146 Ga. App. 370 (3) (246 SE2d 403) (1978) (where the aggravated assault conviction was based on violent acts which were 'gratuitous and unconnected with the theft of the victim's money'). Thus, while it was possible to prove the aggravated battery without establishing all of the conduct needed to prove the [forceful] robbery, it was not possible to prove the [forceful] robbery without simultaneously establishing all of the conduct upon which the aggravated battery conviction was predicated. It follows that the aggravated battery merged with the greater offense of [forceful] robbery, and the sentence imposed for the aggravated battery is consequently vacated. [Cits.]" *Redding v. State*, supra at 805.

*Judgment affirmed as to robbery. Judgment and sentence vacated as to aggravated battery. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 17, 1998.

*William C. Bushnell*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.