S01G1868. CURTIS v. THE STATE.
S02G1091. JACKSON v. THE STATE.
(571 SE2d 376)

BENHAM, Justice.

Although these cases are not directly related, we consider them together because in each case the Court of Appeals held that an issue regarding whether certain convictions should be merged with others was waived by failure to object in the trial court. *Curtis v. State*, Case No. A01A1272, decided August 24, 2001 (not to be officially reported); *Jackson v. State*, 254 Ga. App. 562 (562 SE2d 847) (2002). We granted certiorari in both cases to consider the same question:

> Did the Court of Appeals err in holding that a criminal defendant must raise in the trial court the issue of whether convictions merge as a matter of fact in order to preserve the issue for appellate review? Compare *Howard v. State*, 230 Ga. App. 437 (3) (496 SE2d 532) (1998) (failure to raise the issue in the trial court constitutes a waiver on appeal), with *Kinney v. State*, 234 Ga. App. 5 (2) (505 SE2d 553) (1998) (the issue is one involving the substantive bar against double jeopardy that is not waived by the failure to assert it in the trial court).

1. As appears from the question posed on certiorari for these cases, the Court of Appeals has produced two divergent lines of case law dealing with this issue. One line of cases holds that the issue of merger cannot be waived because a conviction which should have been merged into another is a void conviction and can be attacked in any court at any time pursuant to OCGA § 16-1-7. *Kinney v. State*, supra. The present cases are in a line holding that the issue is waived if not raised at the proper time in the trial court. *Howard v.*

*State*, supra. That line of cases is based on the general proposition of appellate law that issues not raised in the trial court will not be considered on appeal. See, e.g., *Williams v. State*, 233 Ga. App. 217 (4) (504 SE2d 53) (1998).

While this Court has not previously ruled specifically on the issue of waiver in this context, it has consistently considered the issue of included offenses as a matter of statutory double jeopardy. Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy. *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974). OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. *Stephens v. Hopper*, 241 Ga. 596 (1) (247 SE2d 92) (1978). Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846) (1976); *Teal v. State*, 203 Ga. App. 440 (1) (417 SE2d 666) (1992). The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law. *Tiller v. State*, 267 Ga. 888 (2) (485 SE2d 720) (1997); *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Since one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted (*Stone v. State*, 253 Ga. 433 (2) (321 SE2d 723) (1984)), the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error. *Thomas v. State*, 257 Ga. 24 (4) (354 SE2d 148) (1987).

Thus, although this Court has not directly addressed the question of whether merger issues are waived if not raised in the trial court, it is apparent that our case law is consistent with the *Kinney* line of cases, not the *Howard* line. We have not previously labeled as "void" convictions and sentences for offenses which are included in others, but our holding in *Stone v. State*, supra, that one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted, and our holding in *Tiller v. State*, supra, that such convictions and sentences are vacated by operation of law demand that conclusion. Since such convictions and sentences amount to punishment the law does not allow, and "[a] sentence is void if the court imposes punishment that the law does not allow [cit.]" (*Crumbley v. State*, 261 Ga.

610 (1) (409 SE2d 517) (1991)), such convictions must be considered void. That being so, their illegality is not an issue that may be waived because, as the dissent in *Jackson* correctly noted, " '[a] judgment which is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it.' [Cit.]" *Jackson v. State*, supra, 254 Ga. App. at 568, Eldridge, J., dissenting. We hold, therefore, that the approach to merger issues taken in the *Kinney* line of cases is the correct approach. Accordingly, we overrule the line of cases typified by *Howard*, supra, holding that the issue of merger of included offenses may be waived by failure to raise it in the trial court. See, e.g., *Nelson v. State*, 233 Ga. App. 385 (2) (503 SE2d 335) (1998); *Williams v. State*, supra, 233 Ga. App. 217 (4); *Heard v. State*, 232 Ga. App. 405 (2) (501 SE2d 884) (1998); *Harwell v. State*, 231 Ga. App. 154 (4) (497 SE2d 672) (1998), rev'd on other grounds, 270 Ga. 765 (512 SE2d 892) (1999); *Brown v. State*, 228 Ga. App. 748 (3) (492 SE2d 555) (1997); *Basu v. State*, 228 Ga. App. 591 (2) (492 SE2d 329) (1997); *Bridges v. State*, 223 Ga. App. 339 (477 SE2d 913) (1996); *Henderson v. State*, 218 Ga. App. 311 (3) (460 SE2d 876) (1995); *Edmonson v. State*, 212 Ga. App. 449 (3) (442 SE2d 300) (1994); *Hall v. State*, 200 Ga. App. 585 (5) (409 SE2d 221) (1991); *Alonso v. State*, 190 Ga. App. 26 (7) (378 SE2d 354) (1989); *Johncox v. State*, 189 Ga. App. 188 (1) (375 SE2d 139) (1988); *Hill v. State*, 183 Ga. App. 654 (4) (360 SE2d 4) (1987); and *LeGallienne v. State*, 180 Ga. App. 108 (4) (348 SE2d 471) (1986), are hereby overruled.

It follows, then, that the Court of Appeals erred in these cases in holding that a criminal defendant must raise in the trial court the issue of whether convictions merge as a matter of fact in order to preserve the issue for appellate review. Whether those errors require reversal of the convictions depends on the facts of each case, to which we now turn.

2. *Case No. S01G1868*: Demario Curtis and Sultan Mussadiq were convicted of armed robbery, three counts of kidnapping, and three counts of aggravated assault, all arising from a car-jacking incident. The trial court sentenced both men to concurrent terms of 15 years on each count. The merger issue which the Court of Appeals refused to consider was Curtis's assertion that his conviction for aggravated assault of the driver of the car merged into the conviction for armed robbery of the driver as a matter of fact because the handgun was used only to obtain control of the car. The armed robbery count of the indictment alleged that Curtis and Mussadiq took a car from the victim "by intimidation and by use of a handgun, an offensive weapon," and the aggravated assault count relating to the car's driver alleged that the defendants committed that offense by "brandishing a handgun while orally threatening to kill her. . . ."

The evidence at trial established that the two men approached a car and, displaying a handgun and threatening violence, forced the occupants, a woman and her two children, to let them into the car. Curtis drove the car to an office park where the men freed the victims, but kept the car. There was no evidence that Curtis made any other use of the gun other than to take control of the car. Thus, so far as Curtis's actions are concerned, the aggravated assault count is based on the same conduct as the armed robbery count, making the aggravated assault an included offense of the armed robbery. *Walker v. State*, 251 Ga. App. 217 (3) (b) (553 SE2d 319) (2001).

The State argues that a second aggravated assault of all the victims occurred when Curtis handed the gun to Mussadiq sitting in the backseat and Mussadiq brandished the gun. However, the record does not support that argument. The driver of the car, who was required to move from the driver's seat to the front passenger seat, did not testify that she saw the gun passed to the backseat or that Mussadiq brandished it. One occupant of the backseat testified that Curtis handed the gun back and Mussadiq held it loosely on his lap, but the occupants of the backseat were not the victims involved in the merger issue. Our reading of the transcript reveals no evidence that the driver of the car, who was the only victim of the armed robbery, was aware that the gun was passed back or that she was placed in reasonable apprehension of bodily harm by virtue of Mussadiq's possession of the gun. Since the only evidence of an aggravated assault of the driver was the same evidence that established the armed robbery, the conviction for aggravated assault of the driver is included as a matter of fact in the conviction for armed robbery. Curtis was, therefore, entitled to have that aggravated assault conviction vacated. Id. To the extent it failed to recognize the merger, the judgment of the Court of Appeals must be reversed, but as to the remaining convictions, it is affirmed.

3. *Case No. S02G1091.* Jackson was convicted of rape, aggravated sodomy, kidnapping, aggravated assault, and other offenses arising from an incident in which several men assaulted a woman whom Jackson and another drug dealer claimed had failed to pay for drugs. The aggravated assault count was based on an allegation that Jackson brandished a knife, and Jackson contends on appeal that since the evidence showed that the brandishing of the knife was directly connected to the kidnapping and the sexual offenses, the aggravated assault was included as a matter of fact in one or more of the other offenses.

In her testimony regarding the kidnapping, the victim testified that two men held her arms and forced her to walk to a secluded place. The knife did not appear until the secluded place had been reached. However, the victim testified that Jackson asked for and

received the knife from a co-defendant and used it to intimidate her while he demanded that she either return his cocaine or pay for it. She also testified that the knife was present, passed from person to person, while she was taken to an even more private place where she was sodomized and raped. Thus, while it appears that the knife may have been used as the force for the rape, it had already been used for the separate and distinct purpose of frightening the victim in order to get money or drugs from her. Under those circumstances, the aggravated assault was supported by facts separate from the kidnapping and sexual assault and would not, therefore, be included as a matter of fact in those offenses. *Culver v. State*, 230 Ga. App. 224 (8) (496 SE2d 292) (1998).

*Judgment affirmed in part and reversed in part in Case No. S01G1868; judgment affirmed in Case No. S02G1091. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Case No. S01G1868*

*Charles H. Frier, James C. Bonner, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

*Case No. S02G1091*

*David W. Bishop*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.