## A03A0473. GILBERT v. THE STATE.
(577 SE2d 35)

JOHNSON, Presiding Judge.

A jury found Harold Gilbert guilty of armed robbery. Gilbert appeals, contending (1) the evidence was insufficient to support the verdict, (2) the trial court erred in informing the jury during the trial that Gilbert's co-defendant had pled guilty, (3) the trial court abused its discretion in denying his motions for continuance, (4) the trial court erred in refusing to give his written requests to charge on the

---

[2] *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. 46, 50 (550 SE2d 429) (2001).

lesser included offenses of theft by taking and robbery, and (5) the trial court abused its discretion in denying his motion to separate his trial from that of his co-defendant. We find no error and affirm Gilbert's conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victims run a small store out of their residence. On August 17, 1994, three young men entered the home, one of them produced a gun, and the three started yelling, "give it up; give it up." The gunman held the pistol to the head of one of the victims until she produced the key to a locked trunk at the foot of her bed. The robbers took between $8,000 and $10,000 in cash.

The victim's grandson blamed Vordray Perryman for the home invasion. In a voluntary statement, Perryman gave street names for the boys who committed the robbery: Mark, Butterball, Twin, and Stansberry. Gilbert's nickname is "Butterball." In addition, witnesses at the scene identified Gilbert as one of the perpetrators. After being cautioned of his rights, Gilbert declined to make a written statement, but did voluntarily relate that "he was present at the time of the robbery. He was in the house, but he did not have a weapon."

One of the co-defendants entered a guilty plea and testified for the defense that Gilbert was coerced into participating in the robbery because another co-defendant threatened Gilbert with the gun in order to make Gilbert participate. However, the co-defendant had previously told officers that Gilbert had participated in the robbery. In addition, Perryman testified that Gilbert was in another co-defendant's car when the men decided "they were going to do it." The plan was to meet in front of Gilbert's house. The men all divided the money after the robbery, although the participants in the robbery gave conflicting testimony regarding whether Gilbert received any money.

Gilbert contends the evidence was insufficient to support his conviction for armed robbery because the state's evidence relied heavily on accomplice testimony, and the testimony of an accomplice alone is not sufficient to warrant a conviction. However, the record shows that the state relied on far more than merely accomplice testimony. Two witnesses identified Gilbert as a participant in the robbery, Gilbert admitted he was in the house when the robbery occurred, and a co-defendant testified that Gilbert had prior knowledge of the plan to rob the victims and shared in the proceeds. The evidence was sufficient for a rational trier of fact to find Gilbert guilty beyond a reasonable doubt of armed robbery.[1] The jury was

---

[1] *Parker v. State*, 249 Ga. App. 509, 511 (1) (548 SE2d 475) (2001); *Short v. State*, 234 Ga. App. 633, 634 (1) (a) (507 SE2d 514) (1998).

authorized to reject Gilbert's evidence that his participation was coerced.[2]

Gilbert argues that had the jury received a charge on coercion, he would have been acquitted. However, the record shows that Gilbert never requested a charge on coercion and did not object to the trial court's jury instructions as given. Moreover, this assertion is beyond the scope of Gilbert's enumeration of error arguing that the evidence was not legally sufficient, and Gilbert has not enumerated as error that the trial court erred by failing to charge the jury sua sponte on his defense of coercion. Thus, this issue has not been preserved for appellate review.[3]

2. This trial began as the State of Georgia versus Marcus Foley and Harold Gilbert. During the course of the trial, Foley pled guilty. To explain his absence, the trial court stated as follows: "Members of the jury, Mr. Marcus Foley is no longer a part of this matter. He entered a plea. His case is disposed." Gilbert contends the trial court erred in telling the jury that Foley had pled guilty because the statement improperly intimated that Gilbert was guilty. However, Gilbert did not object to the trial court's statement or move for a mistrial on this basis. Gilbert is estopped from raising the issue on appeal because he failed to preserve it.[4]

3. At the commencement of trial, Gilbert's attorney moved for a continuance. Counsel claimed he was not prepared because he had thought Gilbert would enter a plea to this charge, and he had spent his time preparing to defend Gilbert on a separate murder charge. He also claimed that the state had failed to provide him with complete responses to discovery requests. The state explained that the negotiated plea offer it made was not accepted and denied the claim that it had failed to respond completely to discovery requests. Gilbert's attorney then stated that he had just learned that a preliminary hearing had been held, but the transcript of that hearing was not yet ready. The trial court, noting that the case had been on numerous trial calendars, denied Gilbert's motion for a continuance.

The following day, Gilbert's attorney renewed his request for a continuance, explaining that he had received some new responses to discovery requests from the state but had not had time to check out the relevance of the information. The trial court denied the request for a continuance, but did permit Gilbert an opportunity to interview any new witnesses listed on the state's supplemental witness list

---

[2] *Bailey v. State*, 245 Ga. App. 852, 853 (1) (539 SE2d 191) (2000); *Ridings v. State*, 226 Ga. App. 155, 156 (1) (486 SE2d 378) (1997).

[3] *Milliken v. State*, 230 Ga. App. 810, 811 (2) (a) (498 SE2d 127) (1998); *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649) (1993).

[4] *Horton v. State*, 234 Ga. App. 478, 481 (2) (507 SE2d 221) (1998).

prior to their testimony. The trial court also granted Gilbert additional time to prepare for the cross-examination of one of the witnesses in the case.

"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require."[5] As the Supreme Court has noted, "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."[6] Here, Gilbert failed to show a compelling reason why more time to prepare for trial should have been granted. The trial court granted additional time to prepare for the cross-examination of one witness and additional time to interview supplemental witnesses listed by the state. Under all these circumstances, it was not an abuse of its discretion for the trial court to deny Gilbert a continuance.[7]

4. Gilbert contends the trial court erred in refusing to instruct the jury as he requested on the crimes of theft by taking and simple robbery as lesser included offenses of armed robbery. According to Gilbert, his co-defendant's testimony that Gilbert was forced to participate in the armed robbery, in conjunction with testimony that Gilbert merely received $100 for his participation, shows that Gilbert committed a theft rather than a robbery. We disagree.

The evidence shows that one robbery was committed. This robbery was effectuated by the use of a gun. At trial, Gilbert did not argue that the crime was not committed or that he was not present when the crime was committed. He argued that he was present during the robbery, but was forced to participate against his will. The jury was authorized to reject Gilbert's defense that he was coerced, and Gilbert's criminal liability as a party to the crime of armed robbery is not diminished by the fact that he only received $100 from the other participants.[8] Thus, the trial court did not err in refusing to charge the jury on theft by taking or simple robbery.

5. Gilbert asserts the trial court erred in denying his motion to separate his trial from that of his co-defendant. We find no merit in this argument.

---

[5] OCGA § 17-8-22.

[6] (Citation and punctuation omitted.) *Ealy v. State*, 251 Ga. 426, 429 (3) (306 SE2d 275) (1983).

[7] *Smith v. State*, 257 Ga. App. 88, 90 (3) (570 SE2d 400) (2002); *Hall v. State*, 240 Ga. App. 356, 358 (4) (523 SE2d 409) (1999).

[8] See *Jones v. State*, 233 Ga. App. 362, 364 (504 SE2d 259) (1998) (defendant was not entitled to instructions on robbery by intimidation and theft by taking as lesser included offenses of armed robbery because the robberies were perpetrated by the use of a weapon in the possession of defendant's accomplice).

In a noncapital case, the decision whether to give co-defendants separate trials is within the sound discretion of the trial court, and its decision will not be disturbed unless there is an abuse of that discretion.[9] A defendant desiring to be tried separately from his co-defendants has the burden of demonstrating more than the possibility that a separate trial would provide him a better chance of acquittal; he must make a clear showing of prejudice and a consequent denial of due process in the absence of a separate trial.[10] Factors the trial court should consider in exercising its discretion include: (1) whether the number of defendants creates confusion of the evidence and the law applicable to each defendant, (2) whether a danger exists that evidence admissible against one defendant will be considered against the other, despite cautionary instructions, and (3) whether the defenses are antagonistic.[11]

Here, there were only two co-defendants. The issues were straightforward. After Gilbert's co-defendant pled guilty, the co-defendant testified on Gilbert's behalf in an attempt to show that Gilbert was forced to participate in the armed robbery. Because Gilbert has not made the requisite showing of harm, the trial court was not required to grant him a separate trial.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2003.

*Charles T. Brant, Maria Murcier-Ashley*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[9] OCGA § 17-8-4; *York v. State*, 242 Ga. App. 281, 287 (3) (528 SE2d 823) (2000).
[10] Id.
[11] *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997).