## A07A1421. DAVIS v. THE STATE.
(653 SE2d 358)

PHIPPS, Judge.

After a jury trial, Ted Eugene Davis was convicted of obstructing a public passage and obstructing a law enforcement officer. He appeals, arguing that the evidence was insufficient to support the guilty verdicts and, alternatively, that the crimes should have been merged for sentencing purposes. Because Davis has shown no merit in these arguments, we affirm.

1. Davis challenges the sufficiency of the evidence.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[1] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though

---

contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[2]

Viewed in the light most favorable to the verdicts, the evidence showed that on January 28, 2006, Davis placed barricades "completely blocking" a part of Candler Road near his residence at 40 Candler Road in Henry County. Responding to a complaint that Candler Road was blocked, a uniformed Henry County police officer came to the scene in a marked patrol car. Davis admitted to the officer that he had erected the barrier, and the officer asked Davis to remove it. Davis refused, insisting that the roadway upon which he had placed the barricades was private property. Based on his belief that the blocked roadway constituted a public passage, the officer removed the barricades and warned Davis that he would be arrested if he again blocked Candler Road. In the presence of the officer, Davis replaced the barricades to block traffic attempting to travel that part of the road. After disobeying further police orders to remove the barrier, Davis was arrested.

(a) Pursuant to OCGA § 16-11-43,

[a] person who, without authority of law, purposely or recklessly obstructs any highway, street, sidewalk, or other public passage in such a way as to render it impassable without unreasonable inconvenience or hazard and fails or refuses to remove the obstruction after receiving a reasonable official request or the order of a peace officer that he do so, is guilty of a misdemeanor.

Davis was charged with "obstruct[ing] Candler Road, a public passage." He argues that the state failed to prove that the roadway he obstructed was a public passage.

At the April 2006 trial, the evidence showed that Candler Road was approximately 0.6 miles long and extended between State Route 42 and Jodeco Road in Henry County. It was comprised of dirt and gravel, except it had been blacktopped at its Jodeco Road end, where Davis's residence was located. There was "grading on the sides for run-off of water," and ditches ran alongside at least a portion of the road. The road was marked with a street sign designating it as "Candler Road," and there were stop signs posted along the road. Residences lined "one end of Candler Road to the other end."

---

[2] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004) (citations omitted).

The state presented numerous witnesses who testified about the use, maintenance, and treatment of Candler Road as a public passage. The police officer who responded to the scene testified that Candler Road was used by the traveling public. Likewise, a police lieutenant who supervised officers who patrolled Candler Road testified that, during the 12 years he had been working for the police department, the general public — not only Candler Road residents — had used the road, including its dirt and gravel portion, as well as its blacktopped portion. In addition, the division director of public works in Henry County, who supervised road construction and maintenance by the Department of Transportation (DOT), testified that Candler Road was "a public road that Henry County ha[d] maintenance responsibilities for." Where a road was bordered by ditches, he explained, the work performed by the division generally spanned "from back of ditch to back of ditch." He described that the general public was allowed to call the division and ask for "[roads] to be either scraped or graveled," for ditches to be "pull[ed]," or for "whatever maintenance item they felt like . . . we need[ed] to do." A computerized system tracked work orders generated by the calls. Since 1995, the year the county began keeping its computerized log, the division had completed approximately 86 work orders on Candler Road. In 1998, Davis himself called and requested work pertaining to Candler Road, and a county maintenance crew responded and corrected a problem with a ditch running along Candler Road. The division director further testified that the public had been using Candler Road for at least seven years.

A DOT employee who had been supervising pipe, scraping, and gravel crews for about 24 years had long been familiar with Candler Road. He confirmed that such crews had performed maintenance on Candler Road, including working on its cross drain pipes and ditches. He testified that the residents of Candler Road used the road to go to and from their homes and that the road was also used by the general public. He also testified that a business was located at the corner of Candler Road and Jodeco Road and that individuals from the general public used Candler Road when patronizing that business.

Likewise, the Henry County DOT right-of-way coordinator, whose duties for the previous ten years included maintaining the county's right-of-way records, testified that Candler Road was added to the Henry County official map by 1952, which she explained meant that "the county considered [it] a road that the public could use." She further testified that by 1974, the county had assigned Candler Road a county road number.

Davis asserts that he placed the barricades only upon the blacktopped portion of Candler Road and that such portion was part of the

residence owned by his father. He further asserts that such black-topped "end of Candler Road [was] not in fact used by the general public, but generally only by those who happen to live on said road." Davis points out that the state produced no deed or other legal instrument vesting title of any part of Candler Road in any governmental entity. In addition, he cites evidence that a "no through traffic" sign was posted somewhere at or along Candler Road; that he once complained to a police officer that a DOT truck was parked on property he claimed was part of 40 Candler Road; and that prior to obstructing the road, he notified his Candler Road neighbors that he would be closing the blacktopped area.

Davis has shown nothing that mandated the jury to find that he obstructed only a blacktopped area that was private property, and not a public passage. Representing himself at trial, Davis asked the responding police officer, "Was the barrier on the gravel or the paved section?" The officer responded, "The barrier was, basically, on the gravel section of the road." Furthermore, competent evidence contradicts Davis's assertion that the portion of Candler Road he obstructed was not used by the general public. And although there was evidence that in 2005 a "no through traffic" sign stood along or at an entrance to Candler Road, there was no evidence showing when or by whom the sign was erected, how long the sign remained in place, or that the public adhered to or was required to comply with it. Moreover, the offense of obstructing a public passage does not require government ownership of the area blocked, but that such area comprises a "highway, street, sidewalk, or other public passage."[3] In this case, the jury was authorized to find beyond a reasonable doubt that the roadway obstructed was a public passage.[4]

(b) Pursuant to OCGA § 16-10-24 (a), "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Davis contends that the jury was not authorized to find that the responding officer was "in the lawful discharge of his official duties," advancing again his argument that there was insufficient evidence that he was obstructing a public passage. Because there was sufficient evidence for the jury to find the element of a public passage,[5] this contention fails.

2. Davis contends that the trial court erred by failing to merge the crimes for sentencing purposes. He argues that, as a matter of fact, the obstruction of a law enforcement officer was a lesser included

---

[3] OCGA § 16-11-43.

[4] See *McMonagle v. State*, 196 Ga. App. 300-302 (1) (395 SE2d 821) (1990).

[5] See Division 1 (a), supra.

offense of the obstruction of a public passage, asserting that evidence common to both offenses was "used up" in proving the obstruction of a public passage. We disagree.

Davis was charged with obstructing a public passage by obstructing "Candler Road, a public passage, in such a way as to render it impassable . . . by placing a barricade across the roadway as an obstruction and refus[ing] to remove the obstruction after receiving a reasonable official request of . . . a peace officer. . . ." The state showed that Davis committed this crime with evidence that he placed barricades to completely block Candler Road and refused to remove them when asked to do so by a police officer.

Davis was charged with obstructing an officer "by returning a barricade, so that it obstructed the passage way of a public roadway, after the removal of said barricade by [a police officer of the Henry County Police Department] and after receiving a lawful command by said officer not to return said barricade. . . ." The state showed that Davis committed obstruction of a law enforcement officer with evidence that, after the police officer removed the barrier and commanded him not to reconstruct it, he disobeyed the command by reconstructing it to again block traffic attempting to travel that part of Candler Road.

Thus, evidence required to prove the obstruction of a law enforcement officer was not "used up" in proving the obstruction of a public passage. The obstruction of a law enforcement officer was not a lesser included offense of the obstruction of a public passage as a matter of fact.[6] Because sufficient evidence authorized a separate conviction and sentence for each crime, the trial court did not err by not merging them.[7]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 25, 2007.

*Lister & Holt, Robert J. Smyly*, for appellant.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.

---

[6] See generally *Curtis v. State*, 275 Ga. 576-577 (1) (571 SE2d 376) (2002).
[7] See generally *Taylor v. State*, 275 Ga. 461, 462-463 (1) (569 SE2d 520) (2002).