## S02A1320. EVANS v. THE STATE.
### (571 SE2d 780)

THOMPSON, Justice.

Jonathan Lee Evans was convicted by a jury of malice murder and aggravated assault in the shooting death of Robert Storey.[1] On appeal, Evans asserts that the evidence was insufficient to support the verdict. We affirm the conviction for malice murder, but because we conclude that Evans did not commit an aggravated assault independent of the act which caused the victim's death, we vacate the judgment of conviction and sentence for aggravated assault.

Viewed in a light most favorable to the verdict, the evidence shows that Evans and another individual rented an informal record-

---

[1] The shooting took place on November 20, 2000. An indictment was returned on January 30, 2001, charging Evans with malice murder, felony murder while in the commission of an aggravated assault, and aggravated assault. Trial commenced on May 7, 2001. On May 9, 2001, Evans was found guilty of all charges; he was sentenced on the same day to life in prison for malice murder plus 20 consecutive years for aggravated assault. A notice of appeal was filed on June 6, 2001. The case was docketed in this Court on May 13, 2002, and was submitted for decision on briefs on July 8, 2002.

ing studio at a tattoo parlor in Dalton, Georgia. During a 12-hour session Evans and Storey engaged in "battle rhyming," a form of spontaneous free-style music where participants compete with one another by attempting to compose more aggressive rap lyrics. When Evans perceived that he was being disparaged by Storey's lyrics, Evans drew a pistol and fired five shots at Storey from a range of four to five feet; four of those gunshots resulted in fatal injuries.

1. Evans asserts that there was no direct evidence linking him to the crimes and that the circumstantial evidence did not exclude the hypothesis that another person shot the victim. See OCGA § 24-4-6. However, an eyewitness identified Evans as the shooter, and his account of the events was consistent with the forensic evidence. Additionally, Evans wrote a letter from jail bragging about the murder. Accordingly, the evidence, which was not merely circumstantial, was sufficient for a rational trier of fact to have found Evans guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Under the actual evidence test, if the same evidence that proves aggravated assault is used to prove malice murder, then the "former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1)." (Citation and punctuation omitted.) *Mitchell v. State*, 275 Ga. 42, 43 (2) (561 SE2d 803) (2002). And in that circumstance, the aggravated assault is merged with the malice murder. Id. It is only if the different counts are based "upon entirely independent evidentiary predicates," that a defendant may be sentenced separately for both crimes. *Lowe v. State*, 267 Ga. 410, 412 (1) (b) (478 SE2d 762) (1996).

In the present case, the aggravated assault and malice murder were proven by the same evidence — that Evans produced a gun and quickly fired a series of shots at Storey. Where "the murder itself resulted from the single act of firing a series of shots 'in quick succession' at the victim, no aggravated assault independent of the murder would be shown." *Lowe*, supra at 412. And where, as here, "the aggravated assault offense was established by the same but less than all of the facts required to establish the offense of murder (OCGA § 16-1-6 (1)), the aggravated assault was an offense included in the malice murder conviction." *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992).

> Since one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted (*Stone v. State,* 253 Ga. 433 (2) (321 SE2d 723) (1984)), the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error. *Thomas v. State*,

257 Ga. 24 (4) (354 SE2d 148) (1987).

*Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002). Although not enumerated as error on appeal, Evans' judgment of conviction and sentence for the separate crime of aggravated assault must be vacated by operation of law. Id.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.