## S03A0124. BAINES v. THE STATE.
(575 SE2d 495)

THOMPSON, Justice.

Following a bench trial, John David Baines was convicted of two counts of malice murder, two counts of aggravated assault, armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. All convictions stemmed from the robbery and shooting deaths of Walter Jones and Waymon Hulsey.[1]

---

[1] The shooting took place on January 26, 2000. A multi-count indictment was returned on February 22, 2000, charging Baines with two counts of malice murder, eight counts of felony murder, two counts of aggravated assault, three counts of burglary, armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission

On appeal, Baines challenges the sufficiency of the evidence to support the verdicts. Because we conclude that Baines did not commit the two crimes of aggravated assault independent of the acts which caused the deaths of the two victims, we vacate the judgments of conviction and sentences imposed for both aggravated assaults. The remaining judgments of conviction and sentences, however, are affirmed.

On the morning of January 26, 2000, Baines borrowed a .44 caliber revolver from a friend. He and Connie Christine Cotter then got a ride to a convenience store, which was a short distance from the mobile home occupied by Walter Jones. The two were acquaintances of Jones. Baines understood that Jones had come into possession of a substantial amount of money, and the two concocted a scheme to obtain that money.

Baines and Cotter walked up the road to Jones' home. Cotter hid behind a tree near the house while Baines went inside to confront Jones. After about 20 minutes, Baines emerged and explained to Cotter that Jones had a visitor, Waymon Hulsey; and Baines did not think their scheme would work with Hulsey present. When Cotter suggested that they abandon their plan, Baines informed her, "well, I have a gun," and he reentered the mobile home alone.

Next, Cotter heard four gunshots fired in quick succession. Baines then appeared from the back of the residence and beckoned for Cotter to come inside. When she entered, she saw the bodies of the two victims on a sofa covered with bedspreads. She and Baines then searched the house for money; they took a checkbook, some jewelry, and the keys to Jones' car.

Over the next two days, Baines and Cotter were seen driving in Jones' car. During that time Baines discarded the murder weapon in a creek in an adjoining county. They forged and cashed several checks from Jones' checkbook and sold the stolen car, using the money to buy drugs and another car. On the night following the killings, Baines gave another forged check to a friend and asked him to cash it. When a bank employee identified the check as a forgery and the police were summoned, the friend led the officers to Baines.

---

of a crime. Trial commenced on May 13, 2002. The court entered a directed verdict of acquittal as to the felony murder of Hulsey while in the commission of an armed robbery. On June 3, 2002, Baines was acquitted of three counts of burglary and the two related felony murder charges; he was found guilty of all other crimes. The felony murder convictions merged with the malice murder convictions for the purposes of sentencing. Baines was sentenced on June 17, 2002 to three consecutive life terms for the murders and the armed robbery, plus two 20-year terms for the aggravated assaults to be served consecutively, and two five-year terms on the weapons offenses to be served consecutively. A motion for out-of-time appeal was granted by the trial court on August 16, 2002, and a notice of appeal was filed on August 29, 2002. The case was docketed in this Court on September 2, 2002, and was submitted for a decision on the briefs on November 18, 2002.

Baines was arrested on an unrelated charge. While incarcerated in the county jail, Baines instructed friends to retrieve his vehicle and the belongings inside. These friends secured the car as well as the checkbook and other property stolen from Jones.

The bodies were discovered the next morning; both had died as a result of gunshot wounds to the head and chest. Cotter and Baines were charged with the murders. Baines waived trial by jury in exchange for assurances that the State would not pursue the death penalty. Cotter pled guilty and testified against Baines.

1. Baines submits that his convictions cannot stand because they are based on the uncorroborated testimony of Cotter, his accomplice.

> The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that [he] is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt. . . . [S]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict.

(Citations and punctuation omitted.) *White v. State*, 255 Ga. 210, 214 (8) (336 SE2d 777) (1985). See also OCGA § 24-4-8. The sufficiency of the corroborating evidence is for the trier of fact to decide. *White*, supra.

Cotter's testimony implicating Baines was corroborated by witnesses who provided Baines with the murder weapon, and by the weapon itself which was found in the location Cotter described. In addition, it was established by independent evidence that Baines had been driven to the vicinity of Jones' home on the morning of the murders, that he was observed later driving Jones' car, and that he had forged multiple checks on Jones' account and had enlisted others to cash them. The corroborating evidence, independent of the accomplice's testimony, was sufficient to enable the trier of fact to connect Baines with the crimes.

2. Baines submits that the cross-examination of Cotter and other corroborating witnesses shed some doubt on his possession of the murder weapon. However, the trier of fact "has the right to determine for itself the credibility of any witness, even if it finds the witness has been 'successfully impeached.' [Cit.]" *Jones v. State*, 246 Ga. App. 596, 598 (3) (539 SE2d 602) (2000).

3. We reject the claim that the separate count of armed robbery against Jones merged into the malice murder conviction of the same

victim as a matter of fact. Armed robbery and malice murder are separate crimes which do not merge as a matter of law. See *LeMay v. State*, 264 Ga. 263, 265 (1) (443 SE2d 274) (1994). In considering whether the two crimes merged as a matter of fact, we look to whether the crimes are "established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6." Id. at 265.

The indictment alleged that Baines "unlawfully with intent to commit theft, did take property, to wit: Chevrolet automobile, checks and personal property of value, from the immediate presence of Walter Jones, by use of an offensive weapon, to wit: a firearm, in violation of OCGA § 16-8-41." The malice murder count alleged that Baines, with malice aforethought, caused the death of Walter Jones "by shooting him with a firearm." The evidence established that the murder and armed robbery of Jones were two separate and distinct crimes. Here, as in *Fleming v. State*, 236 Ga. 434, 436 (224 SE2d 15) (1976), the evidence "places the pistol that killed the victim in appellant's hand. The convictions for malice murder and for armed robbery are thus both supported by the evidence." Accord *Beasley v. State*, 269 Ga. 620 (11) (502 SE2d 235) (1998). Compare *Burke v. State*, 234 Ga. 512 (3) (216 SE2d 812) (1975) (crimes merged as a matter of fact where appellant had only conspired to commit armed robbery and did not shoot the victim).

4. The State has conceded that the aggravated assault counts should have merged into the malice murder. "Under the actual evidence test, if the same evidence that proves aggravated assault is used to prove malice murder, then the 'former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1).'" *Evans v. State*, 275 Ga. 672, 673 (571 SE2d 780) (2002) (citing *Mitchell v. State*, 275 Ga. 42 (561 SE2d 803) (2002)). The evidence shows that Baines entered the trailer, fired four shots, and then beckoned for Cotter to enter. This evidence will not support a conviction for both malice murder and aggravated assault. *Evans*, supra. See also *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992). It follows that the judgments of conviction and sentences imposed for the two counts of aggravated assault must be vacated by operation of law. *Evans*, supra.

5. Viewed in a light most favorable to the verdict and in deference to the factfinder's assessment of the weight and credibility of witnesses, the evidence was sufficient for a rational trier of fact to have found Baines guilty beyond a reasonable doubt of the murders of Jones and Hulsey, the armed robbery of Jones, and the weapons offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*J. Michael Treadaway, Gary W. Jones*, for appellant.
*James R. Osborne, District Attorney, Thomas J. Melanson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

