## S04A0017. FARLEY v. THE STATE.
### (593 SE2d 328)

FLETCHER, Chief Justice.

Anthony Wayne Farley was convicted of malice murder, aggravated assault, and possession of a firearm during the commission of a crime in connection with the shooting death of Staci Veronica Pollard.[1] Farley appeals, claiming that the trial court erred in not merging his aggravated assault conviction into his malice murder conviction. Because the record shows that the crimes did not merge as a matter of fact, we affirm.

1. The evidence at trial showed that on May 15, 1995, Farley went to the home of Pollard, his ex-girlfriend, armed with a rifle. After an argument, he shot her once in the arm as she faced him, once in the back as she turned and ran toward her front door, and twice more in the back as she lay face down on the floor. Farley admitted to the shootings both before and during the trial.

After reviewing the evidence in the light most favorable to the

---

[1] The crimes occurred on May 15, 1995. On September 11, 2001, Farley was indicted for malice murder, felony murder, aggravated assault, burglary, and possession of a firearm during the commission of a crime. On February 13, 2002, a Harris County jury convicted Farley on the malice murder, aggravated assault, and possession counts. He was sentenced to life for the malice murder, to ten consecutive years for the aggravated assault, and to five consecutive years for the possession. Farley filed a timely motion for a new trial on March 15, 2002, which he amended on February 25, 2003. The motion was denied on July 3, 2003, and Farley filed a timely notice of appeal on July 29, 2003. His case was docketed in this Court on September 3, 2003, and submitted for decision without oral argument on October 27, 2003.

jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Farley was guilty of the crimes of which he was convicted.[2]

2. Farley argues that the trial court erred in failing to merge his aggravated assault conviction into his malice murder conviction. If the same evidence used to prove the aggravated assault is also used to prove the malice murder, then the aggravated assault conviction merges into the malice murder conviction as a matter of fact.[3] Here, however, the forensic pathologist testified that it was the later shots to Pollard's back that caused her death. Therefore, the earlier, non-fatal shot to Pollard's arm was sufficient to support the aggravated assault conviction, and thus there is no merger.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2004.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See, e.g., *Evans v. State*, 275 Ga. 672, 673 (571 SE2d 780) (2002).