S12A0433. ORTIZ v. THE STATE.
(727 SE2d 103)

HUNSTEIN, Chief Justice.

Appellant Edison Ortiz was convicted of two counts of murder and related crimes in connection with the shooting deaths of Deryll and Linda Bruce and sentenced, in total, to a term of life imprisonment plus five years. In this appeal of the denial of his motion for new trial, Appellant alleges reversible error in certain jury instructions and in the trial court's failure to merge several of his convictions. Finding no error in the jury charge, we affirm, but vacate one count of aggravated assault, which should have been merged into the malice murder conviction.[1]

Construed in the light most favorable to the jury's verdict, the evidence adduced at trial established the following. On August 29, 2009, Appellant and his wife were at home when the victims, with whom Appellant had had prior difficulties, arrived to retrieve some

---

[1] The crimes occurred on August 29, 2009. Appellant was indicted in Emanuel County in October 2009 on counts of malice and felony murder as to Deryll Bruce; malice and felony murder as to Linda Bruce; two counts of aggravated assault as to Deryll; and six counts of firearm possession during the commission of these felonies. At the conclusion of his jury trial in October 2010, Appellant was convicted of the malice murder of Deryll, the felony murder of Linda, both counts of aggravated assault, and four counts of firearm possession. He was sentenced to two concurrent life sentences for each murder charge; two 20-year sentences for the aggravated assaults, to be served concurrently with one another and the life sentence; and five years on each firearm possession charge, to be served concurrently with one another but consecutively to the life sentence. Appellant's motion for new trial was filed on December 10, 2010, amended on February 23, 2011, and denied on September 13, 2011. Appellant filed his notice of appeal on October 13, 2011. The appeal was docketed to the January 2012 term of this Court and was thereafter submitted for decision on the briefs.

personal property. While outside the house, Appellant and the victims got into an argument, which grew heated, with Linda Bruce kicking Appellant and Appellant demanding that the victims leave the property. Appellant went inside and retrieved a .45 handgun. With his wife pleading for him to stop, Appellant returned to the front of the house and fired the gun at them through the open front door. Deryll Bruce was shot in the arm and fled, bleeding, to a neighboring house. Appellant then fired his gun at Linda Bruce, delivering a fatal shot to her forehead.

Outside the neighboring house were Richard McNeely and McNeely's brother, son, and nephew. Deryll ran to them yelling for help, followed by Appellant. Attempting to escape, McNeely and the three men jumped into their truck and sped away. Watching from the bed of the truck, McNeely saw Appellant and Deryll standing face to face in the street, then saw Appellant raise his gun, shoot Deryll from an arm's length distance, and shoot him a second time in the head after Deryll had fallen to the ground.

Appellant confessed to the shootings in a police interview conducted later that same day, the video recording of which was played at trial. Appellant also testified at trial and, claiming that the victims had been harassing him over a period of months culminating on that day, admitted to shooting them, but denied that his intent had been to kill them.

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the malice murder of Deryll, the felony murder of Linda, the aggravated assault of Deryll, and the possession of a firearm in connection with those offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court gave an improper "sequential charge," in violation of *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). Because Appellant did not object to the jury charge on this basis at trial, our review is limited to a determination of whether the trial court's charge constituted "plain error." OCGA § 17-8-58; *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011). Plain error may be found only where the jury instruction in question had some obvious — rather than merely arguable — defect and where such defect likely affected the outcome of the proceedings. *Kelly*, supra at 33 (2) (a). Thus, we must determine whether the trial court's instructions here constituted an obvious *Edge* violation.

In *Edge*, this Court held that, in cases involving a single assault that could form the basis for a conviction of either felony murder or voluntary manslaughter, if the jury finds that the assault was mitigated by provocation and passion, it is not permitted to return a

guilty verdict on the murder charge. *Edge*, supra, 261 Ga. at 866 (2). As a corollary, the Court noted that

> [a] sequential charge requiring the jury to consider voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder is not appropriate where there is evidence that would authorize a charge on voluntary manslaughter.

(Emphasis in original.) Id. at 867 (2). In other words, the jury should be instructed to consider any evidence of provocation and passion as an integral part of its consideration of the murder charges, rather than as a secondary issue to be reached only if the murder charges are rejected. See *Morgan v. State*, 290 Ga. 788, 790 (2) (725 SE2d 255) (2012).

In this case, having reviewed the jury charge as a whole, we find no *Edge* violation. After correctly charging the jury on the elements of malice murder, felony murder, aggravated assault, and voluntary manslaughter, the trial court clearly instructed the jury:

> After consideration of all of the evidence, before you would be authorized to return a verdict of guilty of malice murder or felony murder, you must first determine whether mitigating circumstances, if any, would cause the offense to be reduced to voluntary manslaughter.

Though Appellant points to language from a later portion of the charge, regarding the form of the verdict, that he construes as contradicting this directive, our review of the charge as a whole reveals no obvious *Edge* violation. Compare *Lewis v. State*, 283 Ga. 191 (2) (657 SE2d 854) (2008) (finding *Edge* violation where trial court, in response to specific jury question regarding distinction between murder and voluntary manslaughter, charged that voluntary manslaughter may be found only if " 'all the elements of malice murder and felony murder do not exist' "). In addition, the structure of the actual verdict form makes clear that, as to each victim, the jury was required to consider malice murder, felony murder, and voluntary manslaughter simultaneously. Thus, assuming arguendo that the jury instructions were ambiguous on this point, the verdict form would have precluded the jury from reaching a verdict contrary to *Edge*. See *Cloud v. State*, 290 Ga. 193, 197 (3), n. 6 (719 SE2d 477) (2011) (finding no *Edge* violation based on, inter alia, construction of jury instructions together with verdict form). Accordingly, Appellant has failed to establish plain error in the court's charge. *Kelly*, supra, 290 Ga. at 33 (2) (a).

3. Appellant also contends that the trial court erred in failing to merge the two aggravated assault convictions as lesser included offenses of malice murder. For its part, the State asserts that the sequence of events leading to Deryll's death consisted of three independent assaults: the non-fatal first shooting through the open front door; the second, also non-fatal, shooting in the street while the men stood face to face; and the third, fatal shooting, once Deryll had fallen to the ground. Only the last of these three assaults, the State argues, should merge into the malice murder conviction.

> When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault. [Cit.] However, a separate judgment of conviction and sentence is authorized if a defendant commits an aggravated assault independent of the act which caused the victim's death. [Cit.] When a series of shots are separated by a "deliberate interval" and a non-fatal injury is sustained prior to the interval and a fatal injury is sustained after the interval, the earlier, non-fatal infliction of injury can serve to support a conviction for aggravated assault. [Cits.]

*Coleman v. State*, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009).
Construed to support the verdicts, the evidence here dictates the finding of two distinct assaults against Deryll, separated by a "deliberate interval" during which Appellant fatally shot Linda. The medical examiner testified that Deryll sustained a total of three gunshots, two to the arm and one fatal shot to the back of the head. Eyewitness testimony established that Appellant first shot Deryll in the arm through the open front door, after which Deryll fled and Appellant turned his gun on Linda. At this point, Appellant's first aggravated assault was complete. See *Lowe v. State*, 267 Ga. 410, 412 (1) (b) (478 SE2d 762) (1996) ("[Appellant] initially committed a completed aggravated assault by firing a shot and inflicting a non-fatal wound to the victim's arm"). Accord *Parker v. State*, 281 Ga. 490 (2) (640 SE2d 44) (2007) (non-fatal shots fired prior to fatal shot supported aggravated assault conviction); *Farley v. State*, 277 Ga. 622 (2) (593 SE2d 328) (2004) (non-fatal shot to arm prior to fatal shot supported aggravated assault conviction).
Contrary to the State's argument, however, the evidence does not authorize the finding of an additional "deliberate interval" between the second shot to the arm and the shot to the head, both having been inflicted in close succession as Appellant confronted Deryll in the street. See *Coleman*, supra, 286 Ga. at 295 (3) (no evidence of

deliberate interval between series of shots). Accordingly, the conviction and sentence on the second aggravated assault, which should have merged into the malice murder, must be vacated. See id.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Jason R. Hasty, Katherine M. Mason, David V. Weber*, for appellant.

*S. Hayward Altman, District Attorney, Kelly A. Jenkins, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.