## S13A0770. SOLOMON v. THE STATE.
### (748 SE2d 865)

NAHMIAS, Justice.

Appellant Andrew Solomon was convicted of murder and other crimes in connection with the shooting death of Levy Daniel.[1] The only issue that Appellant seeks to raise on appeal is procedurally defaulted, and we affirm his convictions for malice murder and

---

[1] The crimes occurred on September 3, 2010. On December 14, 2010, Appellant was indicted by a Muscogee County grand jury for malice murder, felony murder, aggravated assault (alleging that Appellant assaulted Daniel with a handgun), and possession of a firearm during the commission of a crime. After a trial from May 23 to May 26, 2011, the jury convicted Appellant of all charges. The trial court sentenced him to life in prison for malice murder, 20 concurrent years in prison on the aggravated assault conviction, and five consecutive years on probation on the firearm conviction. The felony murder verdict was vacated by operation of law. On June 8, 2011, Appellant filed a motion for new trial. After an evidentiary hearing, the trial court denied the motion on December 20, 2012. Appellant filed a timely appeal, and the case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

possession of a firearm during the commission of a crime. However, we vacate his conviction and sentence for aggravated assault, because the conviction for that offense merged with his murder conviction.

1. The evidence at trial, viewed in the light most favorable to the verdict, showed the following. Shortly before 10:00 p.m. on September 3, 2010, Daniel saw Appellant as Daniel was walking around an apartment complex with three friends (one of whom was Jarvis Bell). Daniel and Appellant had an altercation during which Daniel pulled a gun on Appellant. Daniel apologized and put the gun back in his pants, but Appellant said "you pulled a gun out on me" and left. Daniel and his friends walked across the apartment complex. A short time later, Appellant approached the group and pointed a gun at Daniel. Daniel pushed the gun up, and it fired into the air. Daniel then tried to run away, but Appellant shot him once in the back, killing him.

This evidence was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)). However, Appellant's initial, non-fatal aggravated assault of Daniel — pointing the gun at him — was followed almost immediately, and without a deliberate interval, by the fatal assault — shooting Daniel as he tried to run away. Under these circumstances, the aggravated assault conviction merged as a matter of fact into the malice murder conviction, and the trial court erred in sentencing Appellant separately for aggravated assault. See *Slaughter v. State*, 292 Ga. 573, 575 (740 SE2d 119) (2013); *Ortiz v. State*, 291 Ga. 3, 6-7 (727 SE2d 103) (2012). Appellant's conviction and sentence for the aggravated assault must therefore be vacated.

2. In his only enumeration of error, Appellant contends that the trial court violated his right to a fair trial during a colloquy, held outside the jury's presence, between the court and a witness called by the State — Daniel's friend Jarvis Bell — who was reluctant to testify. However, Appellant did not object to this colloquy at trial, and he is therefore procedurally barred from raising this issue on appeal. See *Charleston v. State*, 292 Ga. 678, 681 (743 SE2d 1) (2013).

Appellant asserts that he nevertheless is entitled to "plain error" review of the trial court's alleged error, citing *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011). However, *Kelly* "is inapposite as it stands for the proposition that OCGA § 17-8-58 (b) mandates plain error review whenever an appealing party properly asserts error in *jury instructions*, notwithstanding whether an objection was made at

trial." *Scott v. State*, 290 Ga. 883, 885 (725 SE2d 305) (2012) (emphasis added). And the error alleged by Appellant does not involve either of other two circumstances in which this Court applied plain error review in criminal cases at the time of Appellant's trial. See *Durham v. State*, 292 Ga. 239, 240 (734 SE2d 377) (2012) (explaining that this Court limited plain error review to alleged error in the sentencing phase of a trial resulting in the death penalty and in a trial judge's expression of opinion to the jury in violation of OCGA § 17-8-57, as well as alleged error in jury charges as provided in OCGA § 17-8-58 (b)).[2]

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Robert L. Wadkins, Victoria L. Novak, Robin H. King*, for appellant.

*Julia Fessenden Slater, District Attorney, LaRae D. Moore, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.

---

[2] Georgia's new Evidence Code, which applies to cases tried after January 1, 2013, allows review, with respect to trial court rulings that admit or exclude evidence, of "plain errors affecting substantial rights although such errors were not brought to the attention of the [trial] court." OCGA § 24-1-103 (d). See *Durham*, 292 Ga. at 240.