301 Ga. 37
FINAL COPY

S17A0664.  SULLIVAN v. THE STATE.

HUNSTEIN, Justice.

Appellant Jamarrcus Rhashad Sullivan was tried and convicted of murder

and related offenses in connection with the shooting death of Kevin Daniel and

aggravated assault of Kamenika Whatley.[1]  Sullivan appeals, claiming that he

---

[1] In August 2013, a Floyd County grand jury jointly indicted Jamarrcus Rhashad Sullivan, Christopher Rayshun Smith, and Antonio Devion Jones on eleven counts of criminal acts against Kevin Daniel and Kamenika Whatley having occurred on June 1, 2013.  Specifically, the men were charged with: one count of malice murder (Count 1 – Daniel); one count of felony murder predicated on aggravated assault, aggravated battery and armed robbery (Count 2 – Daniel); two counts of armed robbery (Count 3 – Daniel, Count 4 – Whatley); two counts of aggravated assault with intent to rob and kill (Count 5 – Daniel, Count 6 – Whatley); two counts of aggravated assault with a deadly weapon (Count 7 – Daniel, Count 8 – Whatley); one count of aggravated battery (Count 9 – Daniel); one count of false imprisonment (Count 10 – Daniel and Whatley); and two weapons charges (Count 11 – Daniel, Count 12 – Whatley).
　　Sullivan was tried alone from December 15-17, 2014, after which a jury found him guilty on all counts.  The trial court originally sentenced Sullivan on February 10, 2015, but then clarified the sentence on February 13, 2015, to be: life imprisonment without the possibility of parole for malice murder (Count 1); 20 years consecutive for the armed robbery of Daniel (Count 3); 20 years for the armed robbery of Whatley (Count 4) to run consecutive to Count 1 but concurrent to count 3; 20 years for the aggravated assault with intent to rob and kill of Daniel (Count 5) to run consecutive to Count 3 but "concurrent to Count 5"; 20 years for the aggravated assault with intent to rob and kill of Whatley (Count 6) to run consecutive to Count 4; two 5-year consecutive sentences for the weapons charges which run concurrent with one another (Counts 11 and 12); 20 years' probation for the aggravated battery of Daniel (Count

received ineffective assistance of counsel. Though we find no merit in Sullivan's claims of ineffective assistance, we do find error with regard to his sentences, and, therefore, we must vacate and remand for resentencing.

Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial established as follows. Sullivan, Antonio Jones, and Christopher Smith,[2] a drug dealer, devised a plan to rob Kevin Daniel, who was a competing dealer. On June 1, 2013, Smith dropped Jones and Sullivan off near Daniel's home in Rome, Georgia. As the men approached the house with Smith's shotgun in tow, Jones recognized an SUV parked in the driveway as

9) to run consecutive to Count 11; and 10 years' probation for the false imprisonment to run concurrent to Count 9. The trial court merged: the felony murder (Count 2) into the malice murder; the aggravated assault with a deadly weapon of Daniel (Count 7) into the aggravated assault with intent to rob and kill of Daniel (Count 5); and the aggravated assault with a deadly weapon of Whatley (Count 8) into the aggravated assault with intent to rob and kill of Whatley (Count 6). Sullivan was sentenced to a total of life without parole plus 65 years. As discussed in Division 3, the trial court erred in its sentencing and/or merger on Counts 5 and 9.

Sullivan filed an untimely motion for new trial on March 24, 2015, which was amended through new counsel on December 10, 2015. He later moved for leave to file an out-of-time motion for new trial, which the trial court granted on February 4, 2016. Sullivan filed his out-of-time motion for new trial on February 11, 2016. A hearing was held on the motion as amended on May 16, 2016, which the trial court denied on July 21, 2016. Sullivan timely filed a notice of appeal to this Court, which was docketed to the term of this Court beginning in December 2016. The case was orally argued on March 6, 2017.

[2] This Court has already affirmed Smith's convictions. See Smith v. State, 300 Ga. 538 (796 SE2d 666) (2017).

2

belonging to Kamenika Whatley. Scared that she would be able to identify Jones, the men decided that Jones would open the front door, and Sullivan would handle the rest.

When Jones opened the door, Sullivan went inside, aimed the shotgun at Daniel and Whatley, and demanded drugs and money. Whatley complied but Daniel ignored the command and charged toward the intruders. Jones then fled the house and hid behind Whatley's car in the driveway as Daniel and Sullivan fought over the shotgun. Shortly thereafter, witnesses heard gunshots and the sound of glass breaking. Daniel stumbled outside holding the shotgun, fell off of his front porch, and landed in the yard; Sullivan followed Daniel out of the house, stood over him and shot him with a handgun. Sullivan then grabbed the shotgun, as well as Whatley's and Daniel's cell phones, and fled the scene with Jones. Smith picked up Sullivan and Jones in his red Chevy Malibu, at which time Sullivan explained that he had to shoot Daniel because Jones "had messed it up."

Law enforcement arrived on the scene and found Daniel face down in the front yard somewhat responsive. He was taken to the hospital and later died

from multiple gunshot wounds. A .40 caliber shell casing, approximately $3,500 and some drugs were located at the scene. Cell phone records introduced at trial showed numerous phone calls made between Sullivan and Smith on the night of the murder. Daniel's blood was found inside Smith's red Chevy Malibu. Finally, officers learned that one of Sullivan's friends burned the clothes he wore on the night of the murder.

While they were incarcerated, Sullivan sent Jones numerous letters regarding the case. Specifically, Sullivan requested that Jones deny Sullivan's involvement in the crimes and allege that he was coerced into making statements to law enforcement. Sullivan also described plans for fellow inmate and Bloods gang member Kevin Clinckscales to take responsibility for the crimes. Letters written by Sullivan to co-indictee Smith were also found in Sullivan's cell during a routine sweep wherein he discussed the case and Jones's statements to law enforcement. The State also introduced evidence that Sullivan was a member of the 9 Trey Billy Badass gang, which is affiliated with the Bloods.

1. Though not enumerated by Sullivan, we find that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable

4

doubt that he was guilty of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Sullivan alleges three claims of ineffective assistance of counsel, averring that his attorney failed to: (a) object to hearsay statements introduced in violation of his Sixth Amendment right of confrontation; (b) object to the introduction of two photographs; and (c) thoroughly cross-examine Antonio Jones regarding his potential plea deal. Further, Sullivan claims that the cumulative effect of trial counsel's errors substantially prejudiced his trial.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. See Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).[3] "If the defendant fails to satisfy either

[3] At oral argument, Sullivan suggested that, in reviewing these claims, this Court presume prejudice pursuant to United States v. Cronic, 466 U. S. 648 (104 SCt 2039, 80 LE2d 657) (1984). However, this case does not trigger the narrow exception to Strickland's two-prong analysis. Indeed, as we have previously explained, in order for Cronic to apply, "[t]he 'attorney's failure must be complete' and must occur throughout the proceeding and not merely at specific points." (Citation omitted.) Turpin v. Curtis, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004). Appellant's allegation that his counsel was ineffective at specific points of his trial does not meet this stringent standard. We therefore evaluate Appellant's ineffective assistance claims

5

prong of the Strickland test, this Court is not required to examine the other."
(Citation omitted.) Propst v. State, 299 Ga. 557, 565 (3) (788 SE2d 484)
(2016). "In reviewing the trial court's decision, '[w]e accept the trial court's
factual findings and credibility determinations unless clearly erroneous, but we
independently apply the legal principles to the facts.'" (Citation and
punctuation omitted.) Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876)
(2012). With these principles in mind, we review Sullivan's alleged errors.

(a)    *Failure to Object to Hearsay Statements*

Sullivan first argues that trial counsel was ineffective for failing to object
to alleged hearsay testimony at trial. Specifically, an officer testified on direct
examination that, two days after the murder, he spoke with a few of Sullivan's
New York relatives who stated that Sullivan had called and "wanted to come
there for a visit." Sullivan argues now, as he did below, that this qualified as
testimonial hearsay in violation of his Sixth Amendment right to confrontation
under Crawford v. Washington[4] and that trial counsel's failure to object
constituted ineffective assistance. We disagree.

pursuant to Strickland's two-prong test. See Charleston v. State, 292 Ga. 678 (4) (a)
(743 SE2d 1) (2013).

[4] 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004).

Trial counsel testified at the motion for new trial hearing that he made a strategic decision not to object to this testimony. Counsel explained that he spoke with Sullivan's relatives in New York, and "they knew nothing about a murder, robbery, or anything else," only "that he had just asked to come visit them." Counsel did not object to the statement because he believed it to be innocent in nature and did not believe the testimony was harmful.

"A defendant who contends a strategic decision constitutes deficient performance[] must show 'that no competent attorney, under similar circumstances, would have made it.'" (Citation omitted.) Davis v. State, 290 Ga. 584, 585-586 (2) (723 SE2d 431) (2012). In fact, "[t]rial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) McNair v. State, 296 Ga. 181, 184 (2) (b) (766 SE2d 45) (2014) (trial counsel's decision not to object to hearsay testimony did not constitute deficient performance when decision made as part of trial strategy). Here, Sullivan has failed to meet this very high burden.

Sullivan has also failed to establish prejudice. Though he argues that this testimony provided the State with an argument that he attempted to flee after the murder, the record does not show that the State actually made this argument. Moreover, given the overwhelming evidence presented, Sullivan cannot show that the outcome of his trial would have been different had this testimony been excluded. Accordingly, the trial court properly rejected this claim of ineffective assistance as it is without merit.

(b) *Failure to Object to Photographs*

Next, Sullivan contends that trial counsel was ineffective for failing to object to State's exhibit 8 — two photographs of Sullivan holding a gun that he had posted on social media. He asserts that the photographs were irrelevant and admitted solely to inflame the jury. However, trial counsel testified that he spoke with Sullivan about the photographs and advised him that, if such evidence were admitted at trial, it would be very harmful to the defense. Despite this warning, counsel testified that Sullivan requested the photographs be admitted; this testimony stands unrebutted.

Moving directly to the second prong of the Strickland analysis, Sullivan has failed to establish prejudice. The record shows that trial counsel

thoroughly attacked the photographs on cross-examination, pointing to their age and the fact that the firearms in the pictures could not be linked to the weapon used to kill Daniel. Moreover, Sullivan cannot show that, had counsel objected, the photographs would have been excluded, or that, but for counsel's alleged error, the outcome of his trial would have been different, as the evidence against Sullivan was overwhelming. Therefore, this claim fails.

(c)     *Failure to Cross-Examine Jones Regarding Potential Plea Deal*

Sullivan next asserts that trial counsel failed to adequately cross-examine Antonio Jones regarding his intention to obtain a plea deal from the State in exchange for his testimony. However, the transcript reveals that counsel thoroughly cross-examined Jones on this topic. "What is more, a matter such as the cross-examination of a witness is most often grounded in matters of trial tactics and strategy and, in those instances, provides no basis for finding counsel's performance deficient." Butler v. State, 273 Ga. 380, 385 (10) (b) (541 SE2d 653) (2001).

(d)     *Cumulative Effect*

9

Finally, Sullivan argues that the cumulative effect of counsel's alleged errors prejudiced the outcome of his trial. However, we "evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors." (Citation and punctuation omitted.) Bulloch v. State, 293 Ga. 179, 183 (2) (744 SE2d 763) (2013). As explained above, Sullivan has failed to show that counsel was professionally deficient in both failing to object to hearsay and allegedly failing to adequately cross-examine Jones regarding a plea deal. Assuming, without deciding, that the failure to object to the admission of the photographs was deficient, Sullivan has not shown Strickland prejudice from the admission of the photographs. Therefore, his cumulative effect assertion has no merit. Chapman v. State, 290 Ga. 631, 635-636 (2) (e) (724 SE2d 391) (2012).[5]

3. While there is no error with respect to Sullivan's trial, we do find error with respect to his sentencing. See Hulett v. State, 296 Ga. 49, 51 (2)

---

[5] In support of his cumulative effect argument, Sullivan adds two more claims of ineffective assistance. Specifically, he alleges that trial counsel was ineffective for asking questions on cross-examination that strengthened the State's evidence he was a gang member and for not timely filing a motion for new trial. These scattershot claims of ineffective assistance are also without merit.

(766 SE2d 1) (2014). The jury found Sullivan guilty of all twelve counts in the indictment; the counts relevant to our discussion are as follows:

Count 1: Malice murder of Kevin Daniel.

Count 2: Felony murder of Kevin Daniel (aggravated assault, aggravated battery and armed robbery as the underlying felonies).

Count 3: Armed robbery of Kevin Daniel.

Count 5: Aggravated assault with intent to rob and kill of Kevin Daniel.

Count 9: Aggravated battery (by shooting multiple times) of Kevin Daniel.

As discussed in footnote 1, supra, the trial court merged the felony murder into the malice murder, and sentenced Sullivan for the aggravated assault with intent to rob and kill of Daniel (Count 5) as well as the aggravated battery of Daniel (Count 9). We find that the court erred in merging the felony murder into the malice murder, and erred in sentencing Sullivan for the aggravated assault with intent to rob and kill and the aggravated battery of Daniel.

11

First, we note that the trial court properly sentenced Sullivan on the malice murder (Count 1) and the armed robbery of Daniel (Count 3) "'because malice murder has an element that must be proven (death of the victim) that armed robbery does not, and armed robbery has an element (taking of property) that malice murder does not.'" (Citation omitted.) Hulett, 296 Ga. at 55-56 (2) (c). However, the trial court erred in merging the felony murder count into the malice murder sentence instead of vacating the charge by operation of law. See McClendon v. State, 299 Ga. 611, 618 (6) (791 SE2d 69) (2016). Therefore, we vacate that portion of the trial court's sentencing order.

Regarding counts 5 and 9, we need to determine whether they merge into the other valid convictions. "To determine whether one crime is included in another, and therefore merges as a matter of fact, the court must assess 'whether conviction for one of the offenses is established by proof of the same or less than all the facts required to establish the other crime.'" (Citation omitted.) Favors v. State, 296 Ga. 842, 848 (5) (770 SE2d 855) (2015).

The elements required to prove Sullivan had committed the aggravated assault with intent to rob and kill as alleged in Count 5 were among the elements required to establish that he committed the armed robbery and the

murder of the same victim. Accordingly, Count 5 should have merged into these charges. See Malcolm v. State, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993).

Likewise, the aggravated battery alleged in Count 9 should have merged with the malice murder. Both the malice murder and the aggravated battery, as indicted, required proof that Sullivan shot Daniel with a firearm. Moreover, there is no evidence to suggest that the aggravated battery occurred independently from the act which caused the victim's death, see Solomon v. State, 293 Ga. 605, 606 (1) (748 SE2d 865) (2013), nor was Sullivan charged that way. Therefore, the aggravated battery should have merged with the malice murder. See Favors, 296 Ga. at 848 (5).

Consequently, we vacate the portion of the trial court's sentencing order insofar as it purported to merge the felony murder verdict into the malice murder sentence, and further vacate the sentences imposed for Counts 5 and 9. Moreover, Sullivan must be resentenced on Counts 10, 11, and 12 as each was originally sentenced to be served concurrently with or consecutive to the

sentences vacated by this opinion. Accordingly, we remand to the trial court so a proper sentence may be imposed on all remaining counts.

Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.


Decided April 17, 2017.

Murder. Floyd Superior Court. Before Judge Durham.

Lee & Ziegler, Konrad G. W. Ziegler, for appellant.

Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.