**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 30, 2024**

# In the Court of Appeals of Georgia

A23A1699. WHITE v. THE STATE.

FULLER, Senior Judge.

Joseph Michael White pled guilty to voluntary manslaughter and aggravated assault in connection with the shooting death of his brother. He appeals from the denial of his motion to withdraw his guilty plea, arguing that his convictions merged as a matter of fact. Because White cannot show factual merger on the limited record before us, we affirm.

The record shows that White was charged with committing malice murder by "shooting the victim in the head" and with aggravated assault by "shooting [a] gun at the victim[.]" He also was charged with felony murder and two gun possession offenses. Through counsel, White negotiated a deal with the State to plead guilty to

voluntary manslaughter — as a lesser included offense of malice murder — and aggravated assault, in exchange for the State recommending an order of nolle prosequi on the remaining charges. The plea was "blind," meaning the State did not make a sentencing recommendation.

At the plea hearing, the prosecutor recited the factual basis for the plea, explaining that White and his brother were having an argument outside when their mother and aunt "heard some commotion" and "a gunshot," then saw White "fleeing the scene." White's brother had been struck in the face with a bullet, and he died as a result of the shooting. The prosecutor stated that some witnesses heard two shots fired, but only one bullet struck the victim. Police found White, shirtless, at a nearby business. White said that he was "on drugs, not sure what happened" and was "looking for the killer of his brother." In a field near the shooting, police found a .22 rifle with White's DNA on it.

After the prosecutor concluded the factual recitation, White confirmed that he had no "substantial disagreement with it" and nothing to add. The trial court accepted White's plea and sentenced him to 20 years of imprisonment on the

voluntary manslaughter charge and 15 years on the aggravated assault charge, to run consecutively. As agreed, the court nolle prossed the remaining charges.

Within the same term of court,[1] White moved to withdraw his guilty plea, arguing that his sentence violated the doctrine of substantive double jeopardy because the aggravated assault conviction was included as a matter of fact in the voluntary manslaughter conviction. After a hearing, the trial court denied the motion,[2] and White appeals.

Under Georgia law, a defendant may not be legally convicted of a crime that is included as a matter of fact in another crime for which the defendant also stands convicted. See OCGA § 16-7-1 (a). Thus, "[w]hen a defendant is convicted of multiple crimes based upon the same act, the principle of factual merger operates to avoid the injustice[,]" such that "the lesser offense merges into the greater." *Huber*

---

[1] Terms of court for Grady County begin on the third Monday in March and September. OCGA § 15-6-3 (34) (D). White was sentenced on March 24, 2022, and filed his motion to withdraw the plea on June 15, 2022, before the start of the next term.

[2] The trial court did not expressly address White's merger argument. Nonetheless, we address it here because appellate courts "have the discretion to correct merger errors sua sponte." *Dixon v. State*, 302 Ga. 691, 697 (4) (808 SE2d 696) (2017).

*v. State*, 368 Ga. App. 401, 404 (1) (b) (890 SE2d 271) (2023) (citations and punctuation omitted). In determining whether two crimes factually merge, courts apply the "required evidence test" to "determine whether . . . one of the crimes was established by proof of the same or less than all of the facts that were required to establish the other crime." *Metcalf v. State*, 349 Ga. App. 408, 419 (2) (d) (825 SE2d 909) (2019) (citation and punctuation omitted). "The question of whether offenses merge is a legal question that we review *de novo*." *Morris v. State*, 340 Ga. App. 295, 312 (7) (797 SE2d 207) (2017) (citation and punctuation omitted).

A defendant who pleads guilty does not waive appellate review of a factual merger claim. *Nazario v. State*, 293 Ga. 480, 480 (746 SE2d 109) (2013). See also *Andrews v. State*, 328 Ga. App. 344, 345 (764 SE2d 553) (2014) (considering defendant's factual merger claim, which he raised in a timely motion to withdraw his guilty plea). But, "as a practical matter, because the factual record in a guilty plea case is usually very limited, defendants who raise merger claims after pleading guilty, particularly claims that a conviction merged as a matter of fact, will rarely prevail." *Nazario*, 293 Ga. at 480. This is because we are limited to finding error based on the existing record, and when a defendant pleads guilty, he usually "cannot establish (and

4

the court cannot discern) that any of his convictions merged, particularly as a matter of fact, based on the limited record." Id. at 488 (2) (d).

White argues that "a separate judgment of conviction and sentence for aggravated assault would be authorized only if the indictment averred, and the State proved, that [he] committed an aggravated assault independent of the act which caused the victim's death." In presenting the factual basis for the guilty plea, the prosecutor said that some witnesses had reported two shots, although only one shot actually hit — and ultimately killed — the victim. The shot that hit and killed the victim is, of course, the basis for White's manslaughter conviction. As for the other reported shot, the law is clear that shooting *at* a victim, without hitting him, is an aggravated assault. See *Johnson v. State*, 190 Ga. App. 172, 172-173 (378 SE2d 700) (1989). The question here is whether White's firing of that other shot constituted a completed aggravated assault independent of the act that killed his brother. See *Ortiz v. State*, 291 Ga. 3, 6 (3) (727 SE2d 103) (2012) ("a separate judgment of conviction and sentence is authorized if a defendant commits an aggravated assault independent of the act which caused the victim's death") (citation and punctuation omitted).

Aggravated assault generally merges into a greater charge when the evidence shows that the defendant engaged in a "single act of firing a series of shots in quick succession at the victim." *Brown v. State*, 246 Ga. App. 60, 64 (1) (539 SE2d 545) (2000) (citation and punctuation omitted) (aggravated assault with intent to murder merged with aggravated battery where the defendant shot the victim three times in quick succession). See also *Slaughter v. State*, 292 Ga. 573, 575 (1) (740 SE2d 119) (2013) (the defendant's aggravated assault and malice murder convictions merged because "the interval between the victim's injuries was minimal, and the fatal gunshot wound to the victim's chest preceded the non-fatal gunshot wound to his leg").[3] Factual merger generally does not occur, on the other hand, where the evidence shows that there was "a deliberate interval between the critical shots." *Price v. State*, 313 Ga. 578, 580-582 (872 SE2d 275) (2022) (aggravated assault and aggravated battery convictions did not merge because they "derived from two gunshots that did not occur almost immediately one after the other, but were separated by a period of time and resulted in distinct injuries") (punctuation omitted).

---

[3] But see *Scott v. State*, 356 Ga. App. 152, 160-161 (846 SE2d 241) (2020) ("That the interval [between criminal acts] is merely minutes or even seconds . . . cannot be a solely determinative factor. The resolution of this factor is not solved by a stopwatch approach.").

Based on the limited factual record in this case, we know only that there was evidence that White fired two gunshots during an argument with his brother, one of which struck and killed him. We have no further details about these gunshots, such as which shot struck the victim, the length of time between the shots, and what — if anything — transpired during the interval. Under these circumstances, "[n]othing in the indictment or the factual basis elicited at the plea hearing requires a finding" that the two shots were fired in quick succession as part of a single act, such that White's aggravated assault and voluntary manslaughter convictions should have merged. *McCranie v. State*, 335 Ga. App. 548, 554 (3) (782 SE2d 453) (2016), overruled in part on other grounds, *Collier v. State*, 307 Ga. 363, 378 (834 SE2d 769) (2019).

> Perhaps further facts regarding these two charges would have emerged had there been a trial, but [White] chose to plead guilty instead of going to trial. The indictment on its face charges two distinct crimes, of which [White] admitted he was guilty, and based on the record we have before us, we cannot say that [the voluntary manslaughter conviction] necessarily merged with [the aggravated assault count] as a matter of fact or law.

*Nazario*, 293 Ga. at 490 (3) (a).

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*

7